FRANK SCHUBERTH *et al.*

*v.*

ADAM SCHILLO.

*Opinion filed December 21, 1898.*

1. FRAUD—*right of husband to prefer wife as a creditor.* A debtor in failing circumstances may prefer his wife or his son as a creditor, if there is a *bona fide* debt and the conveyance is in good faith; but in such case, as against other creditors, there must be clear proof of a valid subsisting debt, which was to be enforced regardless of the fortune or misfortune of the debtor.

2. SAME—*fact that part of items are barred by limitation may be considered.* The facts that part of the items alleged to constitute the consideration for a conveyance of property from a failing debtor to his son are barred by the Statute of Limitations, and that no effort was ever made to collect or secure the claim or fix a time for payment, may be considered on the question of good faith.

*Schuberth* v. *Schillo*, 76 Ill. App. 356, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

A. S. ROBERTSON, (D. B. COLE, and C. W. TAYLOR, of counsel,) for appellants:

The wife stands precisely like any other creditor of the husband under existing laws of this State, and he can prefer her to them, if done in good faith. *Tomlinson* v. *Matthews*, 98 Ill. 178; *VanDorn* v. *Leeper*, 95 id. 35; *Whitford* v. *Daggett*, 84 id. 144; *Tyberandt* v. *Raucke*, 96 id. 71.

Fraud is never presumed where transactions may be fairly reconciled with honesty, and if the weight of evidence is in favor of that conclusion it should always be adopted. *Mey* v. *Gulliman*, 105 Ill. 285.

The burden is on the creditor attacking a sale to establish the fraud, and fraud must be shown by at least a preponderance of evidence. *Schroeder* v. *Walsh*, 120 Ill. 407.

Where a debtor sells his property to pay a debt or to purchase necessaries for himself, the fraudulent intent is always a question of fact to be established by extrinsic proof. *Dempsey* v. *Bowen*, 25 Ill. App. 194..

ARNOLD TRIPP, for appellee:

When a husband undertakes to prefer his wife to the exclusion of other creditors, the proof should be clear and satisfactory that she has a valid subsisting debt, which is to be enforced and payment exacted regardless of the husband's fortune or misfortune. *Frank* v. *King*, 121 Ill. 250.

Mr. Justice Cartwright delivered the opinion of the court:

On August 7, 1895, Frank Schuberth made a conveyance to his son, George F. Schuberth, of certain premises in Chicago, and on the same day said George F. Schuberth conveyed an undivided half thereof to Mary Schuberth, his mother, wife of said Frank Schuberth. On October 21, 1895, Adam Schillo, the appellee, recovered a judgment against Frank Schuberth for $1457.23 and costs, upon a note given to him by said Frank Schuberth for a debt of three years' standing. An execution on the judgment was returned *nulla bona*, and appellee filed his bill in this cause in the superior court of Cook county, against said other parties, to set aside said conveyances as in fraud of his rights, alleging that they were without consideration and made to hinder and delay him as creditor, and that Frank Schuberth remained in possession of the premises and had no other property out of which the debt could be made. The defendants answered the bill, admitting the recovery of the judgment, the issue and return of execution and the conveyances of the premises, but denying that Frank Schuberth remained in possession except by the consent of George F. Schuberth and Mary Schuberth, or that the conveyances were without consideration, or made to hinder, delay or defraud complainant, and alleging that they were each made for a good, valuable and sufficient consideration. Replication being filed, the cause was referred to a master in chancery to take the proofs and report the same with his conclusions. It was afterward ordered that this reference should stand to the same person as special commissioner. The evidence was taken, and at the hearing it was claimed that George F. Schuberth, the son, had loaned to his father various sums of money at different times from January 22, 1886, to June 20, 1895, aggregating $2850; that Mary Schuberth, the wife, had also loaned to her husband, Frank Schuberth, at different times from July

15, 1874, to August 6, 1893, various sums, amounting in all to $2060, and that the conveyance to George F. Schuberth, and the conveyance by him of an undivided half to Mary Schuberth, were made in payment of the debts to them for said moneys. The special commissioner reported that the money was either loaned or paid to said Frank Schuberth, but that no note or obligation was ever given for any of the items of alleged indebtedness; that no interest was paid nor any time mentioned or agreed upon when the money should be repaid; that nothing was ever done by the said George F. Schuberth or Mary Schuberth, during all the years after the money was paid over, to obtain or to secure payment, and that the record failed to show that the conveyances were made at the request of either of the parties claiming to have loaned money, or that they had ever, at that time or before, pressed Frank Schuberth for payment. Upon these facts the commissioner concluded that the conveyances were not made in good faith, but for the purpose of placing the property beyond the reach of the creditors of Frank Schuberth, and he recommended a decree for the complainant in accordance with the prayer of the bill. Exceptions to this report were overruled and a decree entered accordingly, and the Appellate Court affirmed the decree.

A debtor in failing circumstances may prefer one creditor to another if he does so in good faith, and the fact that a wife is the creditor will make no difference, if there is a *bona fide* debt and the conveyance is in good faith. (*Tomlinson* v. *Matthews*, 98 Ill. 178.) The same rule would apply to a son or other member of the family. But in such a case there must be clear and satisfactory proof of a valid subsisting debt, which is to be enforced and payment exacted regardless of the fortune or misfortune of the husband or father. (*Frank* v. *King*, 121 Ill. 250.) These facts upon which the rights of the parties depend must be determined in this case from the conduct of the

parties and all the circumstances in evidence. The source of the moneys which the wife, Mary Schuberth, let her husband have was keeping boarders. He was a carpenter and contractor and the head of the household. He supplied the house at least to the amount of $8 per week which she says he paid her. The children, of whom there were several, as soon as they were old enough to obtain employment commenced paying board, and the money was given to their mother, and she had some other boarders. As to both of the accounts it seems that the father and husband, Frank Schuberth, kept some account or memorandum of the sums received, but no time of payment was ever fixed or even mentioned; no note or other writing was ever given and no interest on the debt was ever paid or asked for. The matter stood in that way for many years without anything being done by either of the parties to collect or secure the claims or fix any time when they should be paid. While a third party can not raise the defense of the Statute of Limitations, and a debtor may pay a debt barred by the statute if he chooses, yet where there is a valid existing debt which is to be enforced the creditor does not ordinarily allow it to become outlawed. In this case many of the items were in that condition, and that fact is proper to be considered on this question. Under all the circumstances we think the commissioner and superior and Appellate Courts were correct in their conclusion that the purpose of the conveyances was to place the property beyond the reach of creditors, and that they were not supported by valid subsisting debts.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*