### George F. Vietor et al. v. Harry Swisky et al.

87    583
r200s  257

1.  PREFERENCES—*Members of the Debtor's Family as Creditors.*—A debtor in failing circumstances may prefer one creditor to another if he does so in good faith, and the fact that his wife is the creditor will make no difference if there is a *bona fide* debt and the conveyance is in good faith.    The same rule applies to other members of a family where there is satisfactory proof of a valid subsisting debt.

2.  PROMISSORY NOTES—*Prima Facie Evidence of Delivery.*—A wife received a portion from her father's estate which she loaned to her husband, and a note evidencing the indebtedness of the husband was actually made out and placed in a safe for safe keeping with her knowledge and consent.    *Held,* such an act affords *prima facie* evidence of delivery.

3.  GIFTS—*What Are Not to be Considered as Such.*—A testator in a legacy to his married daughter provided that in case she loaned any of the money to her husband, his note should be taken, which was done accordingly.    *Held,* that a gift from her to him can not be presumed.

**Creditor's Bill.**—Appeal from the Circuit Court of Cook County: the Hon. MURRAY F. TULEY, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1899.    Affirmed.    Opinion filed February 13, 1900.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellants.

No appearance by appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The object of this suit as stated by appellants' counsel is to reach two pieces of real estate transferred by appellee

Harry Swisky, to his wife, Bertha Swisky. It is charged that such transfer was in fraud of the rights of appellees, who were creditors of Harry Swisky at the time of the transfer, and have since converted their claim into a judgment; and it is sought to apply said real estate in payment of said judgment.

The master found that "beginning about nineteen or twenty years ago, said Bertha Swisky received from her father, Samuel Lieberman, the sum of $110 per month for a period of eight or nine years;" that "during the year 1888 said Bertha Swisky received from her said father's estate the sum of $6,000, which said Bertha Swisky gave to said Harry Swisky; that for the said sum so delivered by the said Bertha Swisky to said Harry Swisky, no notes or other evidence of indebtedness were given to said Bertha Swisky;" that no interest was ever paid, or requested on said money, no accounting ever had, and that the money has never been repaid or asked for. The master therefore found the transfer of the real estate to have been made without consideration, holding that the money advanced by the wife is to be treated as a gift, and hence, not in law, a valid consideration for the transfer.

Objections in due form were filed to the report which were overruled by the master, but having been ordered to stand as exceptions in the Circuit Court, they were there sustained and the bill dismissed.

No brief has been filed in behalf of appellees, and we have been compelled to refer to the record for a fuller understanding of some parts of the testimony than could be gained from the abstract. We find there testimony of Swisky to the effect that he made out a note to his wife and that it is lost; that he put it in his safe and "told her of it." The last phrase was stricken out by the master as not responsive, but the abstract is scarcely adequate in condensing this testimony into, "made out a note but never delivered it to her." The witness then proceeded to make an explanation. It had been previously testified by Mrs. Swisky that she had received the $6,000, which in 1888 or thereabouts,

she advanced to her husband, from or through the law firm
of which appellant's counsel, or some of them, were mem-
bers, they having had charge of her father's estate.    Appar-
ently, with this fact in mind, the witness said :

"Under my father-in-law's will, when he left the money,
he put it in his will—Mr. Lucas will find it there in their
office—he says any money loaned by his daughter to her hus-
band, he must give her a note; so I made out a note accord-
ing to his will and put it in my safe."

This testimony, to which no objection was made, appears
to be entirely omitted from the abstract.   Yet we regard
it as material in the consideration of the alleged error which
appellant's counsel urge in the finding and judgment com-
plained of.

The authorities referred to in appellant's brief are quoted
as sustaining the proposition that where money is advanced
for which no evidence of indebtedness is given, no interest
asked or paid, and no accounting, it must be considered an
absolute gift as against creditors of the assignee.   But here
is testimony uncontradicted that evidence of the debt was
given.   In Schuberth v. Schillo, 177 Ill. 346, it is said :

"A debtor in failing circumstances may prefer one cred-
itor to another, if he does so in good faith, and the fact that
a·wife is the creditor will make no difference if there is a
*bona fide* debt and the conveyance is in good faith."

The same rule, it is said, applies to other members of a
family, where there is a clear and satisfactory proof of a
valid subsisting debt.   This must be determined from the
conduct of the parties and the circumstances in evidence.
The testimony here tends to show that a note evidencing the
indebtedness of Swisky to his wife for the money it is con-
ceded she received from her father's estate, was actually
made out, and if it is true that it was placed in the safe for
safe keeping with her knowledge and consent, such act
would afford *prima facie* evidence of delivery.   There is no
evidence in this case, as in Dillman v. Nadelhoffer, 162 Ill.
625 (629), that the wife had received from her husband more
than the amount of the debt.   She testifies that notwith-
standing the conveyance of the real estate, "he still owes

me " (R. p. 90, not abstracted), and if we correctly under-
stand the evidence as to value of the real estate, such must
be the fact. If, as was testified, the will of Mrs. Swisky's
father provided for the giving of notes for her husband's
indebtedness to her, and this was done accordingly, a gift
from her, can not, we think, be fairly presumed; certainly
not if that was a condition of the bequest.

The exceptions to the master's report relate to conclusions
of fact as well as to the law applicable, and we find no
error in the action of the Circuit Court in sustaining them
as to appellee Bertha Swisky. The judgment is accordingly
affirmed.