## TOWNSHIP OF BLOOMING VALLEY v. BRONSON.

Evidence **held** to support a finding locating the boundary between adjacent sections.

A finding of the trial court unable to harmonize the conflicting testimony of the witnesses orally testifying, but required to determine which witnesses are entitled to greater credit in view of the surrounding facts and the apparent credibility of the witnesses, will not be disturbed on appeal.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Grant County.     Hon. FRANK B. McNULTY, Judge.

Action by the Township of Blooming Valley against Ole O. Bronson.     From a judgment for plaintiff, defendant appeals.     Affirmed.

*Thad. L. Fuller,* for appellant.  *Thos. L. Bouck,* for respondent.

WHITING, J.  Defendant was the owner of the E. ½ of section 14 of a certain township in Grant county, which township formed a part of what was, at the time of its survey, an Indian reservation.  This action was brought to determine the true boundary line between said section 14 and the adjoining section 13. Trial was had before the court without a jury.  Findings of fact and conclusions of law were entered in favor of plaintiff and judgment rendered thereon.  Motion for a new trial having been denied, the defendant appealed from such judgment and order denying a new trial.

[1]  Only one question is presented upon this appeal, namely, the sufficiency of the evidence to sustain the findings of the trial court.  The testimony submitted was very voluminous, but it all centered upon the one question—the location of the original government mounds established along the line in dispute.  No questions of law are involved herein except such as have been fully considered and determined in previous decisions of this court in cases involving the location of government lines.

It appears that in surveying land on an Indian reservation, not only the section and quarter corners are marked, but also the one-sixteenth corners are marked; and, according to the original field notes, a copy of which was received in evidence in this case, such was the rule followed in surveying the line in dispute.  It also appears that, under the government regulations, it was the duty of the government surveyors to run this line due north and south, and, according to such field notes, this rule was followed.

It is contended by the appellant, and he offered considerable testimony to sustain such contention, that the quarter section mound, as located by the government surveyors, was at a point some 58 feet east of and out of a direct line extending from one end to the other of said section line.  Appellant also contends that such mound and the pits belonging thereto were plainly visible at the time of, and remained visible for several years after, the first settlements by the white man in that section of the country.  It

thus appears that appellant's contention is that this quarter corner mound is not lost, but that it is merely obliterated; it being claimed that the pits and mound have since disappeared. Appellant disputes the existence of the sixteenth corner mounds and thus takes the position that, if there ever were such mounds established, the same have become lost. There is no dispute as to the true location of the north and south ends of this disputed boundary line, all witnesses agreeing that such line commences and ends at the stones that have been located as marking same. It is the contention of respondent that at each of the sixteenth corners a part of the original mound still remains visible together with the pit lying east of the mound; it being respondent's theory that the west pit at each mound, as well as the west part of each mound, has been destroyed through the cultivation of the land. It is also the contention of respondent that the quarter corner in dispute has become lost; and respondent submitted the testimony of numerous witnesses who swore that during the time when appellant's witnesses claimed the quarter mound and pits were plainly visible there was absolutely no visible trace of government mound and pits at the point claimed by appellant or thereabouts. It seems to be the thory of respondent that the original quarter corner mound and pits must have been destroyed by appellant breaking up some of his farm, and it appears from appellant's own testimony that, soon after settling on his land, he did break over the place where such mound and pits would be, provided such mound were on a direct line between the section corners; but appellant swears that there were none in existence except at the place claimed by him.

A careful consideration of the evidence satisfies us that the clear preponderance thereof establishes the fact that the sixteenth corner mounds were never lost or entirely obliterated, and are located upon the line as claimed by respondent. While such mounds may vary a few inches from such true line, the variation is not greater than might naturally come through inexactness in building the mounds. With the section corners undisputed and the sixteenth corners clearly located, we believe the trial court was justified, under all the evidence, in concluding that the quarter

corner mound and pits had become lost, and that such quarter corner mound was originally located on a line with the section corners·and sixteenth corners.

[2] It was impossible for the trial court to harmonize the testimony given by the several witnesses, and it was therefore necessary for such court, in view of all the surrounding circumstances and facts and in view of the apparent credibility or lack thereof on the part of the several witnesses, as same appeared from seeing the witnesses and hearing their testimony, to determine which witnesses were entitled to the greater credit; and this court, when it has not the opportunities presented to the trial court for determining these matters so material where the evidence is conflicting, would certainly not be justified in overturning and reversing the findings of the trial court.

The judgment and order denying a new trial are affirmed.

CORSON, J., dissents.