## CHURCHILL & ALDEN COMPANY, Appellant, v. RAMSEY, et al, Respondents.

### (188 N. W. 742.)

(File No. 4847.   Opinion filed June 5, 1922.)

1.  Fraudulent Conveyances—Deed to Wife, Consideration Her For-
      mer Conveyance of Home—Non-recording of Deed by Wife,
      Consideration for Deed of Home Received by Husband Re His
      Business—Creditors' Suit to Set Aside Deed, Non-testimony by
      Defendant Husband—Conveyance Held Fraudulent.

    Where defendant wife conveyed away home property for a
    consideration of $3400, which was paid directly to her husband
    and used by him in his business, and thereafter and while de-
    fendant husband was considerably indebted to plaintiff and was
    being pressed for payment, he conveyed to the wife the busi-
    ness block in controversy, she testifying that it was understood
    that she was to take the latter and wipe out the $3400 received
    by her husband when the home was sold, but that she was not
    present when deed was executed, that she did not have deed
    recorded and did not know who drew it; that her husband had
    attended to all matters connected with the transaction and that
    she never saw the deed; the situation being the same regarding
    disposition of the home property except that she executed the
    deed; that he never gave her a note for it or any promise to
    return it to her or agreed to pay her interest for its use; she
    having thereafter been recalled after cross-examination, where-
    upon she testified she knew there was a deed conveying the
    business block to her, that it was executed and recorded at her
    request, that she had been reminded by conversation with her
    attorney before resuming the witness stand; defendant husband
    though present not having taken the witness stand, though had
    he done so he could have explained all said circumstances, if
    susceptible of explanation; held, that the evidence fails to sus-
    tain trial court's finding that the deed of the business block
    was delivered to the wife and that the husband was then in-
    debted to her in $3400 and said conveyance made in payment
    of such indebtedness; and held, that the deed was given to
    hinder, delay and defraud the husband's creditors.   So held, it
    appearing that in addition to the property involved the husband
    had conveyed to the wife two quarter sections of land, one of
    which she afterwards sold for $1800 and the other for $1400;
    so that in any event the most she could claim her present due
    would be but $200.

2.  Same—Fraudulent Intent, Inferable from Circumstances—Addi-
      tional and Unexplained Conveyances by Insolvent Husband,
      Wife's Knowledge of Circumstances—Burden of Proof Re.

In cases involving fraud in connection with conveyances the fraudulent intent of parties charged with disposing of their property with such intent, must be inferred by some circumstances surrounding the transaction, direct evidence being rarely if ever available, and all circumstances may be considered; and where in a suit by a creditor against defendant husband to set aside as fraudulent a conveyance by husband to wife of a business block, wife claiming her husband was indebted to her in $3400 and that conveyances were made in payment thereof; that husband had also conveyed to wife two quarter sections of land, one of which she sold for $1800, the other for $1400, the wife at the time knowing of his failing circumstances; held, that a conveyance from husband to wife under these circumstances casts upon her burden of proving bona fides of the transaction; that in a contest between husband's creditors and the wife there is a presumption against her, which she must overcome by affrimative proof.

3.   Same—Wife's Failure to Put Co-defendant Husband on Stand as Suspicious Circumstance—Inference of Conveyances to Place Property Beyond Creditors.

Where in said suit wife's testimony was contradictory and inconsistent, she making no attempt to explain or justify her acquisition of the lands conveyed to her, and failing to place her co-defendant husband on the stand for explanation of the various transactions involved, and permitting him to be cross-examined, is a very suspicious circumstance requiring explanation; in absence of which explanation the inference is irresistable that such conveyances were pursuant to concerted plan to put husband's property beyond reach of creditors.

4.   Same—Transactions Between Husband and Wife, Full Disclosure Required—Non-explanation of Land Transaction, Effect—Failure to Show That Property Conveyed Had Existing Incumbrances, Effect.

In this class of cases, law requires full disclosure of property transactions between husband and wife, which may result in depriving creditors of right to reach husband's property; and requires her explanation of disposition of the land; she failing to testify whether she received the money for which the land was sold, and no evidence appearing as to whether the business block involved had existing incumbrances of such an amount that the equity was not in excess of the $3400 she claimed her husband owed her.

5.   Same—Whether Incumbrances Existed on Property Conveyed to Wife, Husband's Statement to Wife Re Same, Incompetent—Burden of Proof.

Where, in a suit by a creditor to set aside an alleged fraudulent conveyance from husband to wife, no evidence appeared as to whether the business block involved, and conveyed to the wife, had existing incumbrances of such an amount that the equity therein was not in excess of the $3400 she claimed her husband owed her, his statement to her, admitted on the trial, being incompetent and wholly insufficient to sustain finding as to value of equity in said block; and burden was on defendants (husband and wife) to show that value of said equity did not exceed indebtedness of husband to her.

Gates, P. J., dissenting in part.
Whiting, J., concurring in the result.
Sherwood, J., not sitting.

Appeal from Circuit Court, Minnehaha County. Hon. JOHN T. MEDIN, Judge.

Action by Churchill & Alden Company, a corporation, against W. H. Ramsey and Ella B. Ramsey, to set aside an alleged fraudulent conveyance of realty. From a judgment for Defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

*A. J. Keith* and *M. G. Luddy,* (*Kirby, Kirby & Kirby* of counsel), for Appellant.

*H. B. Ramsey,* and *A. H. Lossow,* for Respondent W. H. Ramsey.

*Davis, Lyon & Bradford,* for Respondent Ella B. Ramsey.

(2)  To point two of the opinion, Appellant cited: Stutz v. Mitchell, 94 U. S. 580, 24 L. Ed. 179; David Adler & Sons Clothing Co. v. Hellman (Neb.), 75 N. W. 877.

(3)  To point three, Appellant cited: Smith v. Tossini, 1 S. D. 632.

POLLEY, J.  This case was here on a former appeal and is reported in 42 S. D. 23, 172 N. W. 779. On the first trial, findings and judgment were in favor of the plaintiff, but we reversed that judgment because of the incompetency of the evidence by which the allegations of fraud contained in the complaint were proved. The case went back for retrial. The complaint was amended so as to change the issues to some extent, and the incompetent evidence that was used on the first trial was supplied by competent evidence of the same facts on the second trial. However, the trial court reached a conclusion on the second trial, op-

posite from the conclusion reached on the first. Findings of fact and judgment were for defendants, and plaintiff appeals.

In addition to the facts stated in the report on the former appeal, it appears from the evidence taken at the second trial that, during the year 1912, defendant W. H. Ramsey owned a quarter section of land in Kidder county, N. D.; also a quarter section of land in Bayfield county, Wis. On the 27th day of June, 1912, he conveyed the Wisconsin land to his wife and on the 19th day of August, 1912, he conveyed the North Dakota land to her. The consideration for each of these conveyances, as was expressed in the respective deeds, was $1. The property involved in this case, known as the Ramsey Block, was conveyed to Ella B. Ramsey on the 12th day of July, 1912. At this time W. H. Ramsey was indebted to plaintiff in a considerable sum of money, and plaintiff was pressing Ramsey for payment. On the 20th day of September, 1913, an attachment was levied on said Ramsey Block in an action by plaintiff against W. H. Ramsey. On the 1st day of March, 1915, judgment was entered in that action in favor of plaintiff in the sum of $7,065.33. On the 6th day of May, 1915, Ella B. Ramsey by deed conveyed away the North Dakota property for the expressed consideration of $1,800, and on the 10th day of May, 1915, she conveyed away the Wiconsin land for the expressed consideration of $1,400.

It was shown by the testimony of Ella B. Ramsey that, when the Ramsey Block was conveyed to her that it was her understanding that she was to take that and wipe out the $3,400 that had been received by her husband when the home was sold in 1907, but that she was not present when the deed was executed; that she did not have the deed recorded nor pay the recording fee; that she did not know who drew the deed; that her husband attended to all matters conected with the transaction; and that she never saw the deed. The situation was the same in regard to the disposition of the home property, except that she herself executed the deed. No part of the consideration was paid to her, or by her to her husband, it was paid directly to her husband and by him used in his business. He never gave her a note for it or any promise to return it to her or agreed to pay her any interest for the use of it.

After she had given her testimony on the trial and been cross-examined, the court took a recess. After such recess she went back upon the stand and, on redirect examination, referring to the deed conveying the Ramsey Block to her, testified that she knew there was such a deed; that it was executed at her request; that it was sent to Sioux Falls for record at her request; that her husband was attending to all her business affairs at that time. Then upon further cross-examination she testified:

"Since we had a recess a few minutes ago I talked with my attorney, and it was in that conversation that this matter was placed in my mind, in which I testified that the deed was sent for record at my request."

The defendant, W. H. Ramsey, was present at the trial; he could have explained all these transactions, were they susceptible of explanation, but his codefendant did not call him to the stand, and the plaintiff could not call him to testify against his wife.

The trial court found, as a fact, that the deed conveying the Ramsey Block was delivered to Ella B. Ramsey, that, at the time of such delivery, W. H. Ramsey was indebted to her in the sum of $3,400, that the property described in such deed was conveyed to her in payment of such indebtedness, and that said deed was not given or received by her with intent to hinder, delay, or defraud the creditors of the grantor.

[1] The evidence does not sustain these findings. In the first place the evidence such as it is, does not show that the deed ever was delivered to Ella B. Ramsey. She admitted she had never seen it and knew absolutely nothing whatever about its execution or recording until after she had left the witness stand and consulted with her counsel and had the matter placed in her mind by him, nor does the evidence sustain the finding that W. H. Ramsey was indebted to Ella B. Ramsey in the sum of $3,400 at the time the deed was executed. He does not appear to have been in debt to any one when he conveyed the homestead to his wife in 1896. He had a right to convey it to her if he so desired, and there is no question that she became the owner of the legal title to the homestead by virtue of such conveyance. But, when it was sold in 1907, the proceeds were paid directly to him and by him used in his shoe business. He does not appear to have asked his wife's permission to use it, he did not give her his note for it nor

agree to pay her interest, nor even to pay it back at any time in the future. The most she claims is that it was understood between them that he would use an equal amount of money to provide another home for themselves at some future date. But that is not sufficient to entitle her to take that amount of money from his creditors at a time when, to her knowledge, he has become heavily in debt and his creditors were pressing him for payment. But, conceding that W. H. Ramsey did owe his wife $3,400, that he had a right to prefer his creditors, and that his wife had an equal right to preference with other creditors, she had no right to take more than the amount of the debt. But that is what she is attempting to do in this case. The undisputed evidence shows that, in addition to the property involved in this case, W. H. Ramsey conveyed to his wife a quarter section of land in North Dakota and also a quarter section in Wisconsin. She sold the North Dakota land for $1,800, and the Wisconsin land for $1,400. This amounts to $3,200 that she has been paid on the $3,400 claim. So that the very most that can be due her now would be $200.

[2] In cases of this kind the fraudulent intent of parties who are charged with disposing of their property to defraud their creditors must be inferred from the circumstances surrounding the transaction. Direct evidence of such intent is rarely, if ever, available, and in such cases all the circumstances may be taken into consideration. In this case the defendant, who is claiming the property, justified her claim on the ground that her husband was indebted to her in the sum of $3,400, and that the conveyances were made in payment of this debt. Had the defendants stopped at this conveyance they might have had some standing in the court, but, at about the same time, and just subsequent to the entry of plaintiff's judgment against him, the husband conveyed to his wife two other pieces of property from which she had realized almost the full amount of her claim. This part of the transaction defendants make no effort to explain. These conveyances were all made at a time when the husband was in an insolvent condition and was being pressed for payment. These facts were known to his wife. A conveyance by a husband to a wife under these circumstances casts upon her the burden of proving the bona fides of the transaction.

"In a contest between the creditors of the husband and the wife there is, and there should be, a presumption against her which she must overcome by affirmative proof." Seitz v. Mitchell, 94 U. S. 580, 24 L. Ed. 179; Adler et al. v. Hellman, 55 Neb. 266, 75 N. W. 877; Glass v. Zutavern, 61 N. W. 579, 47 Am. St. Rep. 763; Lynch v. Mercantile Co., 1 Neb. (Unof.) 528, 96 N. W. 524; Dillman v. Nadelhoffer, 162 Ill. 625, 45 N. E. 680; Schuberth v. Schillo, 177 Ill. 346, 52 N. E. 319; Hauk v. Van Ingen, 196 Ill. 20, 63 N. E. 705; 20 Cyc. 604, 756.

[3]    As we view the evidence in this record, the defendant Ella B. Ramsey has failed to satisfactorily explain the transaction. Her testimony is contradictory and inconsistent, and she makes no attempt to explain or justify her acquisition of the North Dakota and Wisconsin land. The fact that she did not put her co-defendant on the stand and have him explain the various transactions involved and permit him to be cross-examined by the plaintiff is a very suspicious circumstance and one which itself requires explanation. In the absence of reasonable explanation as to why W. H. Ramsey should deed all his known assets to his wife at a time when he was insolvent and his creditors were crowding him for payment, and without any consideration other than a very questionable claim that amounts to scarcely more than half the value of the property conveyed, the inference is irresistible that such conveyances were made pursuant to a concerted plan to put his property beyond the reach of his creditors.

[4, 5]    In this class of cases the law requires a full disclosure of property transactions between husband and wife, which may result in depriving creditors of the right to reach the husband's property. Regardless of the exact dates of transfers of the two quarter sections of land, the law demands an explanation of the disposition of the land, and none was given—and it will be noticed that, while the wife denies that she knew about the deeds to her, it appears that the land stood of record in her name, and she signed deeds to the purchasers, but was not asked whether she received the money or any part of it, for which the land was sold. Besides this, it is not shown by any competent evidence that the Ramsey Block had existing incumbrances of such an amount that the equity in it was not in excess of the $3,400 which she claims her husband owed her.

The statement of the husband to the wife is the only evidence as to the incumbrance being unpaid, and the ruling of the trial court admitting it was excepted to and is assigned as error. This evidence was incompetent and wholly insufficient to sustain the finding of the trial court as to the value of the equity in the Ramsey Block conveyed to her in payment of alleged indebtedness. The burden of proof was on respondent to show that the value of the actual equity in the property she received did not exceed the indebtedness of the husband to her.

Upon the evidence in the record and under the circumstances disclosed by the case, findings and judgment should have been for plaintiff.

The judgment and order appealed from are reversed.

WHITING, J., concurs in result.

SHERWOOD, J., not sitting.

GATES, P. J. (dissenting.) I cannot agree with that portion of the opinion which holds that there was no delivery of the deed of the Ramsey Block to Ella B. Ramsey.

Section 529, Rev. Code 1919, provides:

"Though a grant be not actually delivered into the possession of the grantee, it is yet to be deemed constructively delivered in the following cases:

"1. Where the instrument is, by the agreement of the parties at the time of execution, understood to be delivered, and under such circumstances that the grantee is entitled to immediate delivery. * * *"

In my opinion, the undisputed evidence brings the delivery of the deed squarely within that section.

Furthermore the complaint in this case specifically alleged the execution and delivery of the deed to Ella B. Ramsey. After the trial was concluded, an application to amend the complaint so as to withdraw such admission of delivery was made by plaintiff, to which defendant objected because it changed the issues. No ruling was then made upon such application. Afterwards, and on July 17, 1920, the trial court signed the findings, conclusions, and judgment and, on July 19, 1920, signed an order permitting the amendment to the complaint. I am of the opinion that upon this appeal we must treat the deed as delivered.