CHURCHILL & ALDEN COMPANY, Respondents, v. RAM-
SEY, et al, Appellants.

(203 N. W. 502.)

(File No. 5658.  Opinion filed April 18, 1925.)

1. **Fraudulent, Conveyances — Evidence — Witnesses — Husband and Wife—Burden of Proof on Wife to Prove Bona Fides of Conveyance from Husband.**

In suit to set aside conveyance to wife as fraudulent, defended on ground that conveyance was to pay a debt owed by husband to wife, burden was on wife to prove bona fides of transaction, where it appeared that she had been greatly overpaid and did not call her husband, who was only witness who could

explain apparent overpayments, and who could not be called by plaintiffs, under Rev. Code 1919, Sec. 2717.

2. **Deeds—Delivery—Mere Recording of Acknowledged Deed, Without Intention to Deliver, Is Not a Delivery.**

   ·Mere recording of an acknowledged deed, without an intention to deliver it, does not operate as a delivery or transfer of title to grantees.

3. **Appeal and Error—Evidence—Findings—Trial Court's Findings Not Set Aside, Unless Clearly Against Preponderance of Evidence.**

   Trial court's findings will not be set aside, unless clearly against preponderance of evidence.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Action by the Churchill & Alden Company against W. H. Ramsey and wife. Judgment for plaintiff, and motion for a new trial denied, and defendants appeal. Judgment and order affirmed.

*H. B. Ramsey,* of Minneapolis, Minn., and *Davis, Lyon & Bradford,* of Sioux Falls, for Appellants .

*A. J. Keith, M. G. Luddy,* and *Kirby, Kirby & Kirby,* all of Sioux Falls, for Respondent.

(1) To point one of the opinion, Appellants cited: 12 R. C. L. 591; Adoue v. Spencer, 62 N. J. Eq. 782, 56 L. R. A. 72.

Respondent cited: Churchill & Alden Co. v. Ramsey, 188 N. W. 742.

SHERWOOD, J. This case has been before the court twice before. 42 S. D. 23, 172 N. W. 779, and 45 S. D. 454, 188 N. W. 742. At the first trial findings and judgment were for plaintiff.

It was reversed and sent back for new trial because of the incompetency of the evidence by which the allegations of fraud were proved, 42 S. D. 23, 172 N. W. 779, supra. At the next trial findings and judgment were for defendant. This judgment was reversed and the case sent back for new trial, on the ground that, while defendant Ella B. Ramsey claimed her husband was indebted to her in the sum of $3,400 only, the record disclosed that at a time when he was heavily in debt, and was being pressed for settlement, he deeded to her property in Wisconsin and North Dakota, in which the expressed consideration in the deeds was $3,200, and also the Sioux Falls property she now claims, all of which property seemed to be of much greater value than the in-

debtedness due her. "The conveyance by a husband to his wife under such circumstances cast upon her the burden of proving the bona fides ᴏ_ ...ᴄ transaction," which she had failed to do; her husband, who could have explained this transaction, and could have been called as a witness by her, and could not be called as a witness by the plaintiff because of section 2717, R. C. 1919, not having been called as a witness. 45 S. D. 454, 188 N. W. 742, supra.

A careful reading of our opinion on the first appeal (42 S. D. 23, 172 N. W. 779), together with the opinion on the second appeal (45 S. D. 454, 188 N. W. 742), leads us to conclude that the judge presiding at the second trial, in finding for defendant, held the view that we had decided in 42 S. D. 23, 172 N. W. 779, that there was no sufficient proof that Mrs. Ramsey, in receiving the property, intended to hinder, delay, or defraud his creditors; that the facts thus far proven were not sufficient to put her on her inquiry, and, if her husband did not testify, findings and judgment must be for plaintiff on her own evidence.

[1] The trouble with that view was that in making the proof on the second trial defendant Ella B. Ramsey showed on the face of the record, unexplained, that she had been greatly overpaid, and further cast suspicion on her good faith in the transaction by not calling her husband, who was the only witness who could explain and make full disclosure of these apparent overpayments. Thereby defendants brought themselves under the condemnation of a still more important rule governing the transactions of a husband and wife where creditors are involved, which is well expressed in 45 S. D. 454, 188 N. W. 742, in the following words:

"In cases of this kind the fraudulent intent of parties who are charged with disposing of their property to defraud their creditors must be inferred from the circumstances surrounding the transaction. Direct evidence of such intent is rarely, if ever, available, and in such cases all the circumstances may be taken into consideration. In this case the defendant, who is claiming the property, justified her claim on the ground that her husband was indebted to her in the sum of $3,400, and that the conveyances were made in payment of this debt. Had the defendants stopped at this conveyance, they might have had some standing

in the court, but at about the same time, and just subsequent to the entry of plaintiff's judgment against him, the husband conveyed to his wife two other pieces of property from which she had realized almost the full amount of her claim. This part of the transaction defendants made no effort to explain. These conveyances were all made at a time when the husband was in an insolvent condition, and was being pressed for payment. These facts were known to his wife. A conveyance by a husband to a wife under these circumstances casts upon her the burden of proving the bona fides of the transaction. 'In a contest between the creditors of the husband and the wife there is, and there should be, a presumption against her which she must overcome by affirmative proof.' * * * In this class of cases the law requires a full disclosure of property transactions between husband and wife, which may result in depriving creditors of the right to reach the husband's property."

At the last trial, as at the first, the trial court found all the issues in favor of plaintiff. We will now consider the record of the last trial, keeping in view our former holdings in this case.

Appellant's assignments of error challenge the sufficiency of the evidence to sustain findings of fact Nos. 7, 9, and 12 only.

The seventh finding of fact is in effect that the deed was never delivered to appellant with the intent it should become a deed of conveyance, but merely to place the title out of his name to prevent its being seized by his creditors.

The ninth finding of fact was to the effect that the deed was made by Ramsey to his wife and accepted by her without consideration and with the intent, on the part of both, to hinder, delay, and defraud his creditors.

The twelfth finding of fact is to the effect that no agreement or understanding existed between Ramsey and his wife to repay to her the $3,400 he received for the house and lot sold and that no note was given by him to her.

The facts proved on this trial are substantially the same as those proved on the two former trials. These facts and the conclusions to be drawn from them are so fully stated in the former opinions by Judge Polley it is unnecessary to restate them here. It is sufficient to say we find the testimony of both defendants contradictory, unsatisfactory, and in many cases improbable.

[2] It is clear from the evidence that he was insolvent when the deed in controversy was made to his wife; that she knew at that time he was heavily in debt and his creditors were pressing him for payment; that the transfer of the store building was made by him to her, with intent to hinder, delay, and defraud his creditors, and if the deed was ever delivered to her she received it with like intent.

It is said in 8 R. C. L. 67, that:

"The mere recording of an acknowledged deed, without an intention to deliver it, however, does not operate as a delivery or as a transfer of title to the grantee; and, while it seems that the fact that the grantor may have been prompted by a desire to put the property beyond the reach of his creditors is not necessarily fatal to a delivery by recording, there is clearly no delivery where the recording is with the intention to divest the grantor of apparent title only, and he keeps possession of both the deed and the property, especially where grantee, at the time, has no knowledge of the conveyance, and this, notwithstanding a subsequent expression of assent and satisfaction by the grantee. * * * The act of the recorder in recording the deed, of course, has no bearing on the question of delivery." Weber v. Christen, 121 Ill. 91, 11 N. E. 893, 2 Am. St. Rep. 68; Barns v. Hatch, 3 N. H. 304, 14 Am. Dec. 369.

[3] In view of the facts here proven and the law above cited, we cannot say any of the findings of the trial court are against the preponderance of the evidence.

It is settled law in this state:

"That the findings of the trial court will not be set aside, unless they are against the clear preponderance of the evidence." Gordon v. White, 33 S. D. 234, 145 N. W. 439; Unzelmann v. Shelton, 19 S. D. 389, 103 N. W. 646.

It follows that the judgment and order denying new trial are affirmed.

GATES and CAMPBELL, JJ., not sitting.

Note.—Reported in 203 N. W. 502. See, Headnote (1), American Key-Numbered Digest, Fraudulent conveyances, Key-No. 278(2), 27 C. J. Sec. 718; (2) Deeds, Key-No. 59(2), 18 C. J. Sec. 110; (3) Appeal and error, Key-No. 1012(1), 4 C. J. Sec. 2857.