CHURCHILL & ALDEN CO., Respondent, v. RAMSEY et ux., Appellants.

(208 N. W. 406.)

(File No. 5658.    Opinion filed April 16, 1926.)

1. **Fraudulent Conveyances—Husband and Wife—Conveyance by Husband to Wife Cannot Stand Against His Creditors, Where Wife at Time Was Not a Creditor of Husband, Though She Did Not Know of Design on His Part to Defraud Creditors.**

Where, at time of conveyance by husband to wife, wife was not in fact a creditor of husband, conveyance cannot stand as against his other creditors, though deed was delivered to wife, and though she did not know of or participate in any design on his part to hinder, delay, or defraud creditors.

2. **Fraudulent Conveyances—No Implied Promise to Repay Arises Merely from Receipt by Husband of Proceeds of Property Standing in Wife's Name.**

Receipt by husband of proceeds of sale of property standing in wife's name does not raise implied promise on his part to repay or replace same, but there must be either express promise to pay or circumstances affirmatively establishing fact that husband and wife dealt with each other as debtor and creditor.

3. **Fraudulent Conveyances—Finding that Husband and Wife Did Not Deal with Each Other as Debtor and Creditor in Conveyance by Husband to Wife Held Supported by Evidence.**

In suit to set aside conveyance by husband to wife as fraudulent, defended on ground that conveyance was to pay debt owed by husband to wife, finding that husband and wife did not deal with each other as debtor and creditor held supported by evidence.

4. **Appeal and Error.**

Where credibility of witnesses enters into finding of trial court as controlling factor, only most convincing circumstances will justify Supreme Court in reversing same.

Gates, P. J., dissenting.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Fraudulent conveyances, Key-No. 169, 27 C. J. Sec. 176; (2) Fraudulent conveyances, Key-No. 95(9), 27 C. J. Sec. 270; (3) Fraudulent conveyances, Key-No. 300(5), 27 C. J. Sec. 777; (4) Appeal and error, Key-No. 994(3), 4 C. J. Sec. 2833.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

On rehearing. Former opinion adhered to. For former opinion, see 48 S. D. 237, 203 N. W. 502.

*H. B. Ramsey,* of Minneapolis, Minn., and *Davis, Lyon & Bradford,* of Sioux Falls, for Appellants.

*A. J. Keith, M. G. Luddy,* and *Kirby, Kirby & Kirby,* all of Sioux Falls, for Respondent.

CAMPBELL, J. On rehearing. For former opinions in this litigation, see 172 N. W. 780, 42 S. D. 23; 188 N. W. 742, 45 S. D. 454; 203 N. W. 502, 48 S. D. 237.

The ninth finding of fact reads as follows:

"That the said deed in which the said W. H. Ramsey is grantor, and the said Ella B. Ramsey is grantee, was executed without consideration, and with the intent to hinder, delay, and defraud the creditors of the said W. H. Ramsey, including the plaintiff in this action, and that the said defendant, Ella B. Ramsey, with knowledge of said intent on the part of the said W. H. Ramsey, and to assist the said W. H. Ramsey in hindering, delaying, and defrauding his creditors, including the plaintiff in this action, now makes claim thereunder to the property in controversy."

There is no finding that at the time of the execution of the deed in question Mrs. Ramsey, the grantee therein, had any intent to hinder, delay, or defraud the creditors of her husband, or accepted the deed with any such intent.

The trial court did find, however, in the seventh and ninth findings, that so far as concerns W. H. Ramsey, the grantor, the deed in question was executed for the purpose of keeping the title to the property out of his name, and to prevent the same from being seized by his creditors and with the intent to hinder, delay, and defraud his creditors, including the plaintiff, and the evidence is ample to support these findings.

The twelfth finding of fact was as follows:

"That no agreement or understanding existed between the said W. H. Ramsey and the said Ella B. Ramsey that the said W. H. Ramsey was to pay said $3,400 to the said Ella B. Ramsey, and that no note, or other evidence of indebtedness was furnished by him to her."

[1] In 1896 W. H. Ramsey deeded the family home in Sioux Falls to his wife, Ella B. Ramsey. In 1907 the family removed to Minneapolis. Shortly thereafter the Sioux Falls home, standing in the name of the wife, was sold for $3,400, which money W. H. Ramsey put in his personal checking account and used in his business the same as he would have used any other personal funds. The only consideration claimed for the execution on July 12, 1912, of the deed, the validity of which is in question on this appeal, is that it was given by Ramsey to his wife in satisfaction of the indebtedness of $3,400 due from him to her by virtue of his having received and used about 1907, the proceeds of the sale of the Sioux Falls residence. The equity in the property conveyed to Mrs. Ramsey was not worth much, if any, more than this sum—perhaps less. If his wife was his creditor to this amount, he had a right to prefer her if he desired, and the transaction would not be vitiated because he also intended thereby to hinder, delay, or defraud other creditors, so long as the grantee received the conveyance in good faith in payment of her debt, and without participation in or knowledge, actual or implied, of such intent on the part of the grantor. On the other hand, if at the time of the execution of the deed Mrs. Ramsey was not in actual fact a creditor of her husband, then under the

circumstances of this case the conveyance cannot stand as against his other creditors. In other words, if the twelfth finding has support in the evidence, then this case cannot be controlled by the fact that there was a sufficient technical delivery of the deed from Ramsey to his wife, nor by the fact, if it be a fact, that she did not know of or participate in any design on his part to hinder, delay, or defraud creditors. See Dirks v. Union Savings Ass'n, 168 N. W. 578, 40 S. D. 529.

[2] In view of the relation between husband and wife, the law does not imply, merely from the receipt by the husband of the proceeds of sale of property standing in the wife's name, a promise on his part to repay or replace the same, as it might between strangers. There must be either an express promise to repay, or such attendant circumstances as affirmatively establish the fact that the husband and wife in the particular transaction dealt with each other as debtor and creditor. See Carr v. Way, 119 N. W. 700, 141 Iowa, 245; Cole v. Cole, 132 S. W. 734, 231 Mo. 236; First Nat. Bank v. Herring, 252 S. W. 37, 159 Ark. 317.

"A debtor in failing circumstances may prefer one creditor to another if he does so in good faith, and the fact that a wife is the creditor will make no difference, if there is a bona fide debt, and the conveyance is in good faith. Tomlinson v. Matthews, 98 Ill. 178. The same rule would apply to a son or other member of the family. But in such a case there must be clear and satisfactory proof of a valid subsisting debt, which is to be enforced, and payment exacted, regardless of the fortune or misfortune of the husband or father. Frank v. King, 12 N. E. 720, 121 Ill. 250. These facts upon which the rights of the parties depend must be determined in this case from the conduct of the parties and all the circumstances in evidence." Schubarth v. Schillo, 52 N. E. 319, 177 Ill. 346.

[3] The substance of the twelfth finding is that as to the $3,400 transaction the husband and wife did not deal with each other as debtor and creditor. On this point W. H. Ramsey testified on cross-examination:

"Yes, I borrowed that money from my wife. I never turned any of it over to my wife. I put it in the bank where I done business—the Minnehaha Bank where I had my checking account."

Mrs. Ramsey testified:

"While in Sioux Falls, I lived at 613 Minnesota avenue. I owned the place here since 1896. After I went to Minneapolis, I sold the place on Minnesota avenue for $3,400 and loaned the money to Mr. Ramsey to put into his business. He was to pay it back, and I intended to put it into a home. No time was fixed at which he should pay it back."

Appellant's version of the testimony on this point is set out in the argument in his brief as follows:

"Shortly after removing to Minneapolis, Mrs. Ramsey sold the home in Sioux Falls for $3,400 in cash, and loaned the money to Mr. Ramsey to use in his business upon his promise to repay it at some future time, the date of which was not specified, or to use it in the purchase of another home. No note or other evidence of the indebtedness was given and no agreement was made with reference to the payment of interest."

[4] Manifestly the credibility of these witnesses was one of the controlling factors entering into the twelfth finding. The trial judge was not bound to accept the statements of appellants on this point merely because there was no other direct evidence concerning it—it was his duty to find on this point as well as others on the whole evidence, including all the conduct of appellants and all the facts and circumstances shown and in the light of his judgment as to credibility. This court has frequently held that where it appears that the credibility of witnesses entered into a finding of the trial court as a controlling factor, only the most convincing circumstances would justify this court in reversing the same. See Spackman v. Gross, 126 N. W. 389, 25 S. D. 244; Township v. Bronson, 135 N. W. 678, 29 S. D. 41; Gingles v. Savings Bank, 146 N. W. 596, 33 S. D. 351; Watt v. Aylward, 147 N. W. 978, 34 S. D. 228.

After a careful reconsideration of the entire record, we are not able to say that the twelfth finding is without adequate support in the evidence.

It follows, therefore, that we must adhere to the result reached in our former opinion upon which this rehearing was granted, and the judgment and order appealed from are affirmed.

GATES, P. J. (dissenting). Upon the oral argument on rehearing, it was conceded by counsel for respondent that the sole question for our consideration was whether or not the deed was delivered to Mrs. Ramsey. That was the question discussed by such counsel upon the oral argument. Upon that question there is no dispute in the evidence. All of the evidence offered showed that the deed was delivered. Furthermore, I think the evidence conclusively shows that Mrs. Ramsey was a creditor of Ramsey. In my opinion the findings of the trial court to the contrary of these two propositions are without support in the record. I am of the opinion that the judgment and the order denying new trial ought to be reversed.