BUHL, Appellant, v. McDOWELL, Respondent.

(216 N. W. 346.)

(File No. 6224.  Opinion filed November 30, 1927.)

1. **Fraudulent Conveyances—"Fair Consideration," Not Merely Good and Valuable One, Is Required to Support Conveyance Rendering Debtor Insolvent (Laws 1919, c. 209, §§ 3, 4).**

   As against creditors, merely good and valuable consideration will not support conveyance which will render grantor insolvent; but, under such circumstances, there must be "fair consideration," which means one not disproportionate to value of property conveyed, under Laws 1919, c. 209, §§ 3, 4.

2. **Fraudulent Conveyances—Conveyance to Wife, Rendering Husband Insolvent, Creates Presumption, Which Wife Must Overcome by Affirmative Proof of Bona Fides.**

In contest between creditors of husband, made insolvent by conveyance, and wife, to whom conveyance was made, there is a presumption against her, which she must overcome by affirmative proof of bona fides of transaction.

3. **Fraudulent Conveyances—Sum Loaned During Grantor's Illness and Partly Paid After His Wife Received Deed Held Not "Fair Consideration" (Uniform Fraudulent Conveyance Act, § 3).**

Wife's testimony that consideration for conveyance to her, resulting in husband's insolvency, was "about $2,500 loaned at various times during my husband's illness and for me," and her admission that part of such sum was paid in various amounts for household expenses after she received deed, held insufficient, without further explanation, to sustain burden of "fair consideration," in view of Uniform Fraudulent Conveyance Act (Laws 1919, c. 209), § 3, requiring satisfaction of antecedent debt.

Note. — See, Headnote (1), American Key-Numbered Digest, Fraudulent conveyances, Key-No. 74(2), 27 C. J. Sec. 205; (2) Key-No. 278(2), 27 C. J. Sec. 718; (3) Key-No. 300(5), 27 C. J. Sec. 777.

Financial circumstances of husband as affecting conveyance from husband to wife, see 12 R. C. L. pp. 517, 594; 4 R. C. L. Supp. 761.

For annotations on Uniform Fraudulent Conveyance Act, see 9 U. L. A., pg. 125.

Appeal from Circuit Court, Hyde County; Hon. John F. Hughes, Judge.

Action by Carl Buhl, as administrator of the estate of James E. McDowell, deceased, against Marie McDowell. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed and remanded.

*M. C. Cunningham,* of Highmore, for Appellant.

*M. Harry O'Brien,* of Highmore, for Respondent.

MORIARTY, C. This is an action brought by Carl Buhl, as administrator of the estate of James E. McDowell, deceased, to set aside as fraudulent a transfer of lands. The transfer involved is that of an undivided one-half interest in 960 acres of land in Hyde county. On October 14, 1920, the plaintiff's intestate held title to this property, and on that day said intestate and his wife, the defendant Marie McDowell, executed a deed of the property to one Effie E. Heywood, and said Effie E. Heywood immediately made a deed conveying the property to the defendant.

The undisputed evidence shows that the conveyance to Effie E. Heywood was made for the sole purpose of allowing her to act as an intermediary in the conveyance of the property by the intestate to his wife, the defendant herein. Therefore, for the purpose of this case, both deeds must be considered together, and to the same effect as if the conveyance to the defendant were made by a single deed direct from the intestate. At the date of the aforesaid deeds the land was incumbered by a mortgage for $7,000. There is some evidence that the intestate considered the property worth $16,000, but whether this was his estimate of the value of the land as a whole, or of his one-half interest therein is not made clear by the record.

The deeds involved are similar in form, and each recites that it is made for $1 and other valuable considerations. The testimony of Effie E. Heywood shows that there was no consideration passing either to her or from her in the transaction. The defendant was asked whether there was any consideration for the deed to her, and she answered that there was. Further interrogated, she testified that the consideration was "about $2,500 for various sums of money loaned at various times during my husband's illness and for me." And she further testified that part of the $2,500 was paid after she got the deed, and that such payments were various sums of money for household expenses.

The undisputed evidence shows the due qualification of the plaintiff as administrator, the allowance of two claims, aggregating over $5,000 and based upon indebtedness of the intestate, which existed at the date of the deeds above mentioned. There is also evidence to show that the transfer of the property described in the deeds would render James E. McDowell insolvent, and that the plaintiff administrator had been unable to discover any asset of the estate, except his intestate's interest in the land described in these deeds.

The trial court made findings to the effect that the conveyance to the defendant was made "for a good and valuable consideration," that James E. McDowell did not convey the premises, or cause them to be conveyed, with intent to defraud his creditors, and that the defendant did not take title to said premises for the purpose of aiding James E. McDowell to defraud his creditors. From these findings the trial court entered its conclusion of law

and its judgment in favor of the defendant. From this judgment, and from an order denying a new trial, the plaintiff appeals.

[1] The appellant contends that the evidence is insufficient to justify the decision of the court; and in this contention we are satisfied that the appellant is correct. The trial court found only that the conveyance from McDowell to his wife was made "for a good and valuable consideration." But, as against creditors, a consideration that is merely good and valuable will not support a conveyance which will render the grantor insolvent. Under such circumstances there must be a *fair consideration*, and a fair consideration means one not disproportionate to the value of the property conveyed. In other words, it must be a fairly adequate consideration. Sections 3 and 4, chapter 209, Session Laws of 1919; Churchill & Alden Co. v. Ramsey, 45 S. D. 454, 188 N. W. 742; Id., 48 S. D. 237, 203 N. W. 502 (adhered to on rehearing, 50 S. D. 73, 208 N. W. 406).

The conveyance involved in the Ramsey Case was made before the adoption of the Uniform Fraudulent Conveyance Act. Chapter 209, Session Laws of 1919. Because of that fact the decisions in the Ramsey Case refer to the knowledge of the wife of her husband's insolvency. But by the provisions of section 4 of said Uniform Fraudulent Conveyance Act the intent of the parties is immaterial, where there is not a fair consideration and the conveyance renders the grantor insolvent. Little v. Plummer, 50 S. D. 27, 211 N. W. 972.

[2] Therefore, where insolvency will result from the conveyance and a fair consideration therefor is required to support the conveyance, the following language of this court in Churchill & Alden Co. v. Ramsey, 45 S. D. 454, 188 N. W. 742, applies to the circumstances of the instant case:

"A conveyance by a husband to a wife under these circumstances casts upon her the burden of proving the bona fides of the transaction. * * * 'In a contest between the creditors of the husband and the wife there is, and there should be, a presumption against her which she must over come by affirmative proof.'"

See, also, Seitz v. Mitchell, 94 U. S. 580, 24 L. ed. 179; Adler v. Hellman, 55 Neb. 266, 75 N. W. 877; Dillman v. Nadelhoffer, 162 Ill. 625, 45 N. E. 680; Hauk v. Van Ingen, 196 Ill. 20, 63 N. E. 705.

[3] In the instant case the evidence of the defendant, to the effect that the consideration was "about $2,500 loaned at various times during my husband's illness and for me," and her admission that part of this $2,500 was paid after she got the deed, in various sums of money paid for household expenses, standing in the record without further explanation, is not sufficient to sustain the burden of proving a fair consideration for the conveyance. Under the provisions of section 3 of the Uniform Fraudulent Conveyance Act, above cited, there must be property conveyed or *an antecedent debt satisfied* to constitute a fair consideration. This provision would exclude payment of household expenses after the conveyance as any part of the fair consideration required by law.

The clear preponderance. of the evidence is against finding that there was a fair consideration for the conveyance involved in the . instant case.

The judgment and order appealed from are reversed, and the case is remanded for further proceedings according to law.

CAMPBELL, P. J. and POLLEY and BURCH, JJ., concur.
SHERWOOD, J., not sitting.