SPRICK, Respondent, v. SCHREINER, et ux, Appellants.

(236 N. W. 299.)

(File No. 7031. Opinion filed April 28, 1931.)

*J. E. Truesdale,* of Timber Lake, for Appellants.
*Morrison & Skaug,* of Mobridge, for Respondent.

ROBERTS, J. This action was brought by plaintiff, a judgment creditor of defendant, Edward A. Schreiner, to set aside the transfers of certain real and personal properties by the judgment debtor to defendant Catherine Schreiner, his wife, as fraudulent and void as to creditors.

The plaintiff herein, in December, 1923, instituted an action against the defendant Edward A. Schreiner for false arrest and malicious prosecution and procured a judgment which was reversed on appeal and a new trial was granted. Sprick v. Schreiner, 53 S. D. 392, 220 N. W. 860. The action was again on the calendar for trial at the term of the circuit court, Dewey county, which convened on the 5th day of November, 1928. The said Schreiner, on 18th day of October, 1928, deeded to his wife 400 acres of land in Dewey county, and he also executed a bill of sale on the same day to his wife transferring all of his personal property, consisting of live stock, grain, and farm machinery. The deed was recorded and the bill of sale was filed with the register of deeds on the day of their execution. The retrial of the action for false arrest and malicious prosecution resulted in judgment for the plaintiff, and an execution was issued upon the said judgment against the real and personal properties of the judgment debtor and the same was returned by the sheriff unsatisfied. Under these circumstances, the present action was instituted setting forth the rendition of the judgment in the action for malicious prosecution, the return of the execution unsatisfied, the ownership and possession of certain real and personal properties by the judgment debtor on and prior to October, 18, 1928, and the alleged transfer of said properties by the said Schreiner to his wife for the purpose of defrauding the plaintiff, and wherein plaintiff claimed to be entitled to judgment setting aside said transfers to the extent necessary to satisfy his claim as judgment creditor in the former action. The defendants answered separately, interposing a general denial to the complaint. The court found that the said transfers were fraudu-

lent, and findings and judgment were accordingly entered for the plaintiff herein.

 The defendants assign as error the refusal of the trial court to grant a continuance over the term upon the application of counsel for the defendants. The application was made on the call of the calendar and on the grounds, first, that the defendants were "uninformed, misled and taken by surprise by the appearance" of the herein action on the calendar of the November term, and, second, that the defendants were entitled to continuance by reason of the absence of a witness whose testimony was material to the defense. An affidavit of defendant Edward A. Schreiner was presented in support of the application; he stated therein that the affiant believed that the action would not be brought on for trial at the November term; that the attorney who prepared and interposed answers for the defendants stated in substance to the defendants: "I am going to file an answer—it will be too late for the case to come up this next term—after the filing of this answer, I am through with the case." That a few days later the said defendant, after the printing of the calendar of the November term of the circuit court, learned that this action was on the calendar; that he had made diligent effort to secure an attorney to represent him at the trial of the case, but had been unsuccessful; and that counsel representing him on the call of the calendar was engaged merely for the purpose of applying for a continuance. The granting or refusing of a continuance is within the discretion of the court, and is reversible on appeal when there has been a clear abuse of judicial discretion. Chambers v. Modern Woodmen of America, 18 S. D. 173, 99 N. W. 1107; Van Abel v. Wemmering, 33 S. D. 544, 146 N. W. 697. There was no showing that the case was not properly noticed for trial, and in fact the defendants were present in court and were represented by counsel on call of the calendar. They assert that the employment of such counsel was limited to the presentation of motion for continuance, but no sufficient reason appears for limiting the authority of the attorney to the presentation of such motion. The showing on the part of the defendants does not indicate that they could not proceed with the trial by reason of mistake, surprise, or excusable neglect, and there was no abuse of discretion in denying the application for continuance on the first ground mentioned.

■■ The second ground for continuance also comes within the same rule; the court's ruling thereon will not be disturbed on appeal unless there was a manifest abuse of judicial discretion. It was contended in support of such ground for continuance that Anton Kordick, father of the defendant Catherine Schreiner, was a material witness; that the witness resided at Bridgewater, Iowa; and that if he were present at the trial he would testify that he furnished his daughter with all the money which was used in the purchase of all the real and personal property mentioned in plaintiff's complaint and that in advancing the money it was his intent that it should be invested for the use and benefit of his daughter and family. There was no showing and there was no contention at the trial that the wife advanced the money to her husband under a promise or agreement to repay the same or under such circumstances as to create the relationship of debtor and creditor. Where a wife advances money to her husband without an agreement to repay, such advancement does not constitute a consideration as against the husband's creditors for a subsequent conveyance to her. 12 R. C. L. 590. It does not therefore appear that the testimony of the absent witness would have been material. The motion in question was presented and denied on November 5th, and this action came on for trial on the 12th of November. There was an interval of a week, and ample opportunity to secure the attendance of the witness. There was no abuse of judicial discretion in the denial of the motion.

■ It is claimed by the defendants that the court erred in its rulings on the exclusion of evidence. The plaintiff called the defendant Catherine Schreiner for cross-examination under the statute, and on her direct examination by counsel for the defense she was asked, "Whose was that land when you were living there on it?" referring to the 400-acre tract described in the aforementioned deed. Objection thereto and to a question asked the defendant Edward A. Schreiner, relating to the ownership of said land, was sustained. Each of the defendants interposed a general denial to the complaint, and the principal issue thus presented was whether the transfers described in the complaint were fraudulent. Plaintiff contends that the alleged ownership of land by the wife prior to the execution of the deed on October 18, 1928, was not within the issues presented by the pleadings; that such defense must be

pleaded affirmatively. Such contention, however, need not be considered. Witness testified on cross-examination that her husband had no interest in the property at the time of the transfers. There was no offer of proof of the source of her title. The testimony attempted to be elicited was repetition of the testimony already in the record in support of the wife's contention that she was the owner of the property, and we are of the view that if this testimony were admissible under the issues the errors assigned were not prejudicial.

█ Defendants challenge the sufficiency of the evidence to sustain the findings and judgment of the court. It is asserted that there is no direct evidence of fraud in connection with the transfers. The defendant Catherine Schreiner testified that the defendants owned no other property than that included in the deed and bill of sale executed by her husband. The transfer of all the properties to the wife in view of the pending action for damages for false arrest and malicious prosecution cast upon her the burden of proving the bona fides of the transaction. Section 4, chapter 209, Laws 1919; Churchill & Alden Co. v. Ramsey, 45 S. D. 454, 188 N. W. 742, 743; Buhl v. McDowell, 51 S. D. 603, 216 N. W. 346; Little v. Plummer, 51 S. D. 27, 211 N. W. 972, 973; Peck v. Peck, 51 S. D. 157, 212 N. W. 872.

In the case of Churchill & Alden Co. v. Ramsey, supra, with reference to the presumption against the wife in a contest between the creditors of the husband and the wife, this court said: "A conveyance by a husband to a wife under these circumstances casts upon her the burden of proving the bona fides of the transaction. 'In a contest between the creditors of the husband and the wife there is, and there should be, a presumption against her which she must overcome by affirmative proof.' Seitz v. Mitchell, 94 U. S. 580, 24 L. Ed. 179; Adler v. Heilman, 55 Neb. 266, 75 N. W. 877; * * * Dillman v. Nadlehoffer, 162 Ill. 625, 45 N. E. 680; * * * Hauk v. Van Ingen, 196 Ill. 20, 63 N. E. 705."

In Little v. Plummer, supra, this court said: "There is no direct evidence that the conveyance was made or accepted with intent to defraud creditors. But the evidence by which appellant sought to show a consideration for the deed is not very convincing, and the trial court might well believe that it was insufficient to sustain the burden cast upon appellant by her relationship to the

grantor, knowledge of his heavy indebtedness, the fact of his existing insolvency and of his subsequent bankruptcy, without the payment of the debts then existing."

The presumption was not over come by affirmative proof of good faith, and the finding of the trial court that the transfers were fraudulent is sustained by the evidence.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and WARREN and RUDOLPH, JJ., concur. CAMPBELL, J., not participating.