## RANKIN V. MATTHIESEN *et al.*

At the time of the execution of a note it was agreed orally between the maker, payee, and one D. that D. should collect money due to him and the maker, and pay it over to the payee. The money was collected, but was not paid, and, after maturity of the note, D., in recognition of his prior agreement, indorsed the note in blank. *Held*, that D., being morally bound to pay the money over, and, in recognition of his moral obligation, indorsing same, which was an express promise in writing, was liable as a guarantor.

(Opinion filed May 17, 1898.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action upon a promissory note. Plaintiff had judgment, and defendant Dewey appeals. Affirmed.

The facts are stated in the opinion.

*Robert B. Tripp,* for appellant.

The claimed original oral promise being within the statute of frauds, the subsequent indorsement did not remove it therefrom; because, first, it was not such a promise as the statute requires; and second, if it were, it was without consideration and not binding. Subd. 2, § 3544, Comp. Laws, 7 Wait's A. & D. 52; Wilson v. Martin, 74 Pa. St. 159; Jack v. Morrison, 48 Id. 113; Schafer v. Farmers & F. B., 59 Id. 144; Hood v. Robbins, (Ala.,) 13 So. 574; Williams v. Morris, 95 U. S. 444; Ridgway v. Ingram, 50 Ind. 145; Solomon v. McRae, (Colo.) 47 Pac. 409; Wright v. Weeks, 25 N. Y. 153; Tillman v. Wheeler, 17 John. 326; Moor v. Folsom, 14 Minn. 340; Haul v. Soule, 11 Mich. 494; Williams v. Stifel, 2 Mo. App. 1079.

*French & Orvis,* for respondent.

The promise was not within the statute of frauds. Calkins v. Chandler, 36 Mich. 320; Hoyle v. Bailey, 58 Wis. 434, 17 N. W. 322; Kallock v. Parcher, 52 Wis 394, 9 N. W. 67; Rogers v. Schulenberg, (Calif.) 43 Pac. 899; Bank v. Babcock, (Calif.) 29 Pac. 415; Mallory v. Gillette, 21 N. Y. 417.

HANEY, J.   It is undisputed that plaintiff loaned defend-
ant Matthiesen $360, for which he executed and delivered to
plaintiff the following writing, dated Yankton, November 15,
1892:   "On or before May 1st next after date, I promise to ·pay
to the order of Joseph Rankin three hundred and sixty dollars
at said Rankin's house, in Yankton, S. D., for value received,
with interest at the rate of eight per cent. per annum from
date, and, if the interest be not paid annually, to become prin-
cipal, and bear the same rate of interest.   This note is ne-
gotiable, and payable without defalcation or discount, and with-
out any relief or benefit whatever from stay, valuation, ap-
praisement, or homestead exemption laws.   M. M. Matthie-
sen."   That on October 28, 1893, defendant Dewey indorsed on
the back thereof the following words:   "Oct. 28, 1893.   Wil-
liam P. Dewey."   That plaintiff is the owner and holder of
such note, and that no part thereof has been paid.   Plaintiff
alleges, and his evidence tended to prove, that when the note
was executed Dewey was requested to sign it as surety, but de-
clined; that both defendants represented to plaintiff that one
Handy was indebted to defendants, Matthiesen's share of which
exceeded the sum loaned by plaintiff; that it was agreed be-
tween plaintiff and defendants that when the sum so due from
Handy to Matthiesen was paid it should be paid to Dewey, and
that Dewey orally promised that when he received such sum
from Handy he would pay the same over to plaintiff in pay-
ment of the note in accordance with its terms, and that, rely-
ing upon such promise, plaintiff made the loan and accepted
the note without other security; that Dewey was frequently re-
quested to pay the note, but neglected to do so; that he was
again requested to pay it, or give a new note, on October 28,
1893, when he refused to give a new note, but received the
original paper from plaintiff, indorsed his name and the date as
before stated on the back thereof, and returned it to plaintiff.
It is admitted in defendants' answer that Dewey made the in-
dorsement, but it is alleged that such indorsement was made at

the special instance and request and for the accomodation of plaintiff, in order to enable him to raise money thereon; and that it was then and there agreed, in consideration of such indorsement, that payment of the note should be extended until June 1, 1894. It is undisputed that Dewey received $612 from Handy on April 8, 1893. Defendants' testimony tended to prove that the Handy indebtedness belonged exclusively to Dewey, and that when the note was executed he promised to let Matthiesen have $360 of the money to be collected of Handy with which to pay plaintiff when the note became due. The jury found generally against both defendants for amount of note, with interest according to its terms, and specially that no extension was agreed upon, and that all of the Handy indebtedness belonged to Dewey, who alone appealed from the judgment, without moving for a new trial.

At the close of all the testimony defendant Dewey moved the court to direct a verdict in his favor, which was overruled, and he excepted to the following instruction: "If you shall find, under the evidence in this case, that at the time of the execution and delivery of this promissory note the defendants, Dewey and Matthiesen, represented to the plaintiff that there was certain money due to Matthiesen from Handy, and that Dewey would collect that money, and hold it for Matthiesen, and would pay it to this plaintiff in satisfaction or in payment of this note, and that that note was made by the defendant Matthiesen under those circumstances, and was accepted by this plaintiff with that understanding and agreement; and if you find that afterward money came into the hands of the defendant Dewey from Handy, and that subsequently, upon demand being made upon the defendant Dewey by the plaintiff for the payment of this money, that the defendant Dewey indorsed his name upon that note, as alleged in the complaint, and that this was done in consideration and in recognition of the prior agreement and transactions between them, as alleged by the plaintiff—then the defendant Dewey would be liable, under that

promise, in this action." The ruling on this motion and the giving of the foregoing instruction present what we regard as the material questions involved in this appeal. They will be considered together. It will be assumed that the action is upon the note, and that Dewey's promise made when it was executed could not be enforced because it was not in writing. Comp. Laws, § 3544. Dewey indorsed the note in blank after maturity; and, whether or not it was negotiable when executed, we think he should be regarded as a guarantor. Bank v. Babcock (Cal.), 29 Pac. 415. "When a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms, with that obligation, a part of the consideration to him, no other consideration need exist. In all other cases there must be a consideration distinct from that of the original obligation." Comp. Laws, § 4275. Except as prescribed in the statute—and we assume that this case does not fall within any of the statutory exceptions—a guaranty must be in writing, and signed by the guarantor; but the writing need not express a consideration. Comp. Laws, § 4276. Where the consideration is not required to be expressed the name of the party in blank should be regarded as a sufficient writing to satisfy the statute, the signature applying to the contract already written. 2 Daniel, Neg. Inst. § 1765. Then the indorsement was a guaranty in writing, which rendered Dewey liable, provided there was any consideration distinct from the original obligation of the maker. "An existing legal obligation resting upon the promisor, or a moral obligation originating in some benefit conferred upon the promisor, or prejudice suffered by the promisee, is also a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise." Comp. Laws, § 3531. This section is copied from the report of the New York code commissioners (Civ. Code, § 781). In a note to the section cited the commissioners say: "The common law does not recognize moral obligations, except in a few cases, as sufficient

to sustain a promise; that the authorities then existing entirely fail to establish any satisfactory principle upon which to distinguish between the different species of moral obligations;" and, after citing numerous cases, conclude the note with the observation that the rule stated in the text seems to be just, and to be, on the whole, as easily reconcilable with the author ities in New York as any other that can be devised. Under the later decisions it may be conceded that a pre-existing moral obligation is not sufficient to support a subsequent express promise (6 Am. & Eng. Enc. Law [2d Ed.] 679), but this court must be controlled by the provisions of the foregoing statute. So far as applicable to this case, its rule may be stated thus: An existing moral obligation, originating in some prejudice suffered by the promisee, is a good consideration for a promise, to an extent corresponding with the extent of the obligation. The evidence clearly shows that plaintiff was induced to part with his money to Matthiesen by Dewey's promise to pay over the money due from Handy. The jury, under the charge of the court, must have found that such oral promise was made. Dewey admits in his testimony that he received the money from Handy. He was morally bound to pay it over, and would have been legally bound to do so, if his promise had been reduced to writing. Resting under this moral obligation, reliance upon which induced plaintiff to part with his funds, he made an express promise in writing to pay the note sued upon, and we think he should be held liable as a guarantor of the same. In this view of the law in this state, the joint demurrer to the complaint was properly overruled, the motion of the defendant to direct a verdict was properly denied, and the court did not err in its charge to the jury. All the other assignments of error have received due consideration. Finding no reversible error in the record, the judgment of the circuit court is affirmed.