## FRICK C. v. HOFF et al.

In an action against a surety on a note, the defense of lack of consideration being raised, it was **held** under the provisions of Civ. Code, § 1232, subsecs. 2, 3, that a written instrument is presumptive evidence of consideration, and the burden of proof to show lack of consideration is therefore upon the party seeking to invalidate it.

In an action against a surety on a note it appeared that defendant had been agent of the plaintiff, and that a traveling salesman had secured an order within his territory. The order was carried to defendant, who to secure his commission was obliged to see to the delivery of the goods and the payment therefor, so he indorsed it and filled out the guaranty of payment. The traveling salesman delivered the machinery and accepted a note from the buyer which the defendant signed as surety. **Held,** as it was his duty to see to the collection of the price, and as the transaction was in his territory, that he did not sign this note without consideration, and the rule that, when a promissory note has been delivered to the payee, the sole consideration therefor passing from the payee to the maker, a person who subsequently signs as surety is not bound without a new consideration, does not apply.

In an action against a surety on a note, it appeared that this note was the last of three given in payment for machinery bought from the plaintiff, and that the surety had also guaranteed payment to the amount of $800. **Held** that, not having raised the question in the lower court, he could not on appeal claim that the agreement to guarantee $800 applied only to the first money paid and not to the latter installment, thus making his signature on the note without consideration.

Where a person is surety for another's debt to the amount of $800, his subsequent signing a note of similar tenor needs no other consideration, under the provisions of Civ. Code, § 1225, providing that an existing legal obligation resting upon the promisor or a moral obligation is good consideration for a promise to a similar extent.

Where a traveling salesman sells machinery for a foreign corporation, and it appears that he has no authority to accept settlements on sales, but that he makes a conditional sale which must be accepted at the home office, the delivery and acceptance by him of certain notes in payment for the machinery is not an acceptance and settlement by the corporation.

(Opinion filed November 2, 1910.)

Appeal from Circuit Court, Grant County. Hon. FRANK McNULTY, Judge.

Action by the Frick Company, a corporation, against William

Hoff and W. F. Filbert. From a judgment for plaintiff, defendants appeal. Affirmed.

*Wilbur S. Glass,* for appellants. *Thomas L. Bouck,* for respondent.

SMITH, J. Appeal from the circuit court of Grant county. Action on a promissory note, the complaint alleging that on or about August 7, 1906, the defendants, Hoff and Filbert, for value received, executed and delivered to the plaintiff their promissory note, by which they agreed to pay plaintiff the sum of $800 on the 1st day of January, 1909. The defendant Hoff made default. The defendant Filbert answered, admitting the execution of the note, and alleging that the same was given on a sale of certain machinery to his codefendant, Hoff, while this defendant was acting as agent for the plaintiff. The answer sets out in full the written agency contract, which is very lengthy and contains nothing material to the questions involved on this appeal, except that on sales from the home office in the agent's territory the agent is entitled to his commission, provided he attends to starting and settling for machinery so sold. The answer pleads in full the order given by the defendant Hoff upon which the machinery was purchased, the only material portion of which relates to the purchase price of the property and the amount and conditions of payment, in which the purchaser agrees to pay to the order of Frick Company for said machinery the sum of $2,400, in three promissory notes for $800 each, due respectively, January 1, 1907, 1908, and 1909. This order was signed by William Hoff. Upon the order is indorsed the following guaranty: "For value received the undersigned hereby guarantees that the purchaser will settle for the machinery herein ordered, according to the terms of this order, and also that the purchase price of same, or the notes to be given therefor, whether varied or not from the terms herein, will be paid at maturity. W. F. Filbert [Seal] will guarantee the amount of $800.00." The answer further alleges that, at the time of the delivery of the property to him, the purchaser, Hoff, executed and delivered to the plaintiff three promissory notes mentioned in the order, one of which is the note sued upon; that all three notes so

executed were delivered to and accepted by the plaintiff in performance of the conditions of the order, on the 1st day of July, 1906; that after the execution and delivery of the notes and the acceptance thereof by plaintiff, and before maturity and without any new or additional consideration from the plaintiff to said William Hoff, the plaintiff requested this defendant to sign the note in suit; and that because of such request, and for no other consideration, this defendant signed the same. Defendant therefore denies that there was any consideration whatever for his promise to pay the sum mentioned in said note. At the close of the evidence, the court directed a verdict for plaintiff, and, from the judgment and an order overruling motion for a new trial, defendants appeal.

Appellant assigns as error the instruction directing a verdict, and certain rulings on evidence, which are not referred to in the brief, and need not be noticed. An examination of the evidence, therefore, becomes necessary. On the trial plaintiff offered in evidence the deposition of one Deardorf, who testified that he was assistant secretary and sales manager of the Frick Company since 1905; that in July, 1906, the plaintiff had a credit committee composed of certain persons named whose duty it was to pass upon orders and determine the sufficiency of security before acceptance of orders; that in July, 1906, an order was received from Mr. Hoff and acted upon by this committee, such order being accepted; that at the time the order was accepted the committee had before it the order, together with the indorsement thereon, signed by W. F. Filbert, to guarantee the amount of $800, and a sales memorandum, signed by Filbert, giving the names of the purchaser and surety as "Wm. Hoff, Watertown, S. D., W. F. Filbert, Twin Brooks, S. D., to the amount of $800.00, as security"; and that such order was accepted for the reason that such security was deemed adequate. The note in suit was offered and received in evidence without objection. It is admitted that no part of the note has been paid. Thereupon the plaintiff rested its case.

The defendant Filbert, sworn as a witness, testified that he first saw the note in suit about the 12th of August, 1906, when it

was presented to him by Mr. Reynolds, a sales agent of the plaintiff, already signed by Hoff, and that the witness thereupon signed the same upon a request by Reynolds for the addition of witness' name. The defendant testified that the sale to Hoff was made through his agency, but that he was not present when Hoff signed the order which was taken by Reynolds; that he had never seen Hoff at that time; that the machine ordered arrived at Twin Brooks, and in the settlement with Hoff the $800 note was given, but that he did not see Hoff sign it; that the machine was unloaded and delivered to him as agent; that he helped to unload the machine from the car and delivered it to Hoff; that Hoff had previously signed the note and given it to Reynolds; and that Reynolds brought the note along. The defendant admitted that the note for $800 signed by him represented the same indebtedness referred to in the guaranty indorsed on the order. The defendant, being shown a copy of the order, which copy had the additional words "the note due 1909," was asked to state whether these words were there when he signed the guaranty, and answered that they were not, but stated that he did sign the original without those words. The defendant further testified that he only signed the one note, being the note in suit.

The only issue raised by the pleadings, it will be observed, is whether there was a sufficient consideration for the note which appellant admits he signed. Under this defense the burden of showing that there was no consideration for the note rests upon defendant; the execution of the note being admitted. Subsections 2 and 3 of section 1232, Civ. Code, provide: "(2) A written instrument is presumptive evidence of a consideration. (3) The burden of showing a want of consideration sufficient to support an instrument, lies with the party seeking to invalidate or avoid it." Hermiston v. Green, 11 S. D. 81, 75 N. W. 819; Western Twine Co. v. Wright, 11 S. D. 521, 78 N. W. 942, 44 L. R. A. 438; Smith v. Gale, 13 S. D. 162, 82 N. W. 385; Fraley v. Bentley, 1 Dak. 25, 46 N. W. 506; Gira v. Harris, 14 S. D. 537, 86 N. W. 624.

It may be conceded that when a promissory note has been delivered to the payee, and the only consideration therefor is one

passing from the payee to the maker of the note, a person who subsequently signs or guarantees payment of the note is not bound without a new consideration. But this well-settled rule has no application to the case at bar. The undisputed evidence shows that the order of Hoff was taken within Filbert's agency territory by one Reynolds, who was a traveling salesman for Frick Company; that Reynolds carried the order to the defendant Filbert, the local agent, who signed the guaranty indorsed on the order and became entitled to receive the commission of $282 on the sale, upon payment for the machinery; that the machinery was shipped to Filbert by plaintiff, and by him delivered to Hoff; that, either at the time or immediately after the delivery of the machinery to Hoff, the note in suit signed by Hoff was presented to Filbert, having been previously signed by Hoff, and Filbert signed it upon Reynolds' request. Appellant admits that this sale was made through his "agency," and, if this be so, then the acts of Reynolds in making this sale and settlement, and making out and turning over to plaintiff the security thereon, had precisely the same legal effect as though Filbert himself had made the sale, taken Hoff's note, delivered the machinery to Hoff, signed the note, and himself transmitted the settlement and note to the plaintiff company. Under such conditions, it is wholly immaterial whether Filbert chose to sign the note before or after the machinery was delivered to Hoff. The note signed by Filbert was sent to and received and accepted by plaintiff in fulfillment of Filbert's duty as agent to make settlement on the sale to Hoff.

Appellant attempted to claim on the trial that his agreement to guarantee $800 referred to the first of the three notes. But no such allegation is made in the answer, nor is it alleged or shown by the evidence that the other notes have been paid. Such contention cannot be considered upon this appeal. The written indorsement on the order signed by appellant guaranteeing that the purchaser would settle for the machinery and pay the purchase price, or the notes to be given therefor, at maturity, was an existing legal obligation resting on appellant at the time he signed the note in suit. Under the provisions of Civ. Code, § 1225, such an

obligation is a sufficient consideration for the promise contained in the note to pay the same identical sum, at the same identical date named in the guaranty. It is not contended that there was not sufficient consideration for the written guaranty, and under the statute the same consideration becomes sufficient to sustain the promise contained in the note. Section 1225 provides: "An existing legal obligation resting upon the promisor, or a moral obligation, originating in some benefit conferred upon the promisor, or prejudice suffered by the promisee, is also a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise." Rankin v. Matthiesen, 10 S. D. 631, 75 N. W. 197.

Appellant's further contention that the notes given by Hoff were delivered to and accepted by the plaintiff in full settlement on the sale is not sustained by the record. The order of Hoff was taken by one Reynolds, a mere traveling salesman of plaintiff, in defendant's agency territory, and was reported to defendant Filbert and accepted or adopted by him, and he thereby became entitled to the commission thereon according to the terms of his agency contract. There is no evidence in the record tending to show that Reynolds, a traveling salesman of plaintiff, had any authority to accept orders for machinery, or to accept settlements on sales, and the contrary is shown by the record, in that the agency contract shows that no such authority existed, and the order shows on its face that it was in fact accepted at the home office by J. H. Deardorf, assistant secretary, and that the settlement, including the note sued on, was accepted by the company. Nor did appellant even attempt to show that Reynolds, the traveling salesman who took Hoff's order, had any authority whatever to accept the settlement on behalf of Frick Company, or to do anything else than report the transaction for approval at the home office. The fact, then, that Reynolds may have had the note in suit in his possession signed by Hoff prior to plaintiff's signing the same, did not constitute a delivery to Frick Company, nor did it constitute a completed settlement of the sale. The execution of the note by defendant Filbert was the final act in the settlement,

all of which was subsequently received and accepted by the Frick Company. It is clear therefore that appellant's contention that there had been a complete settlement of the sale and acceptance of Hoff's note before appellant signed the note in suit cannot be sustained.

We conclude, therefore, that upon the record there had been no delivery or acceptance of the note in suit in settlement of the sale to Hoff, prior to the signing of the note by Filbert, and that the note is supported by a sufficient consideration.

The order and judgment of the trial court are affirmed.