OVERTON, Respondent, v. CITY OF SIOUX FALLS, Appellant.

(196 N. W. 297.)

(File No. 5319.   Opinion filed December 21, 1923.)

1. **Appeal and Error—Right Statutory.**

    Right of appeal purely statutory.

2. **Appeal and Error—Continuance—Order Denying Continuance Not "Appealable Order"; "Intermediate Order."**

    An order denying a continuance except upon certain conditions is an "intermediate" and not an "appealable order," within Rev. Code 1919, Sec. 3168, subd. 1.

Appeal from Circuit Court, Minnehaha County; Hon. J. T. Medin, Judge.

Action by R. V. Overton against the City of Sioux Falls. From an order denying a continuance except upon certain conditions, defendant appeals. Appeal dismissed.

*Parliman & Parliman,* of Sioux Falls, for Appellant.
*Bielski & Elliott,* of Sioux Falls, for Respondent.

(2) To point two of the opinion, Respondent cited: State v. Stunkard, 28 S. D. 311, 133 N. W. 253; State v. Hueremann, 37 S. D. 37, 159 N. W. 398; Lingenfelter et al v. Gehringer et al (S. D.), 178 N. W. 946; Hayne, New Trial and Appeal, page 981, Sec. 188; Huron v. Carter, 5 S. D. 4, 57 N. W. 947; Grigsby

v. Minnehaha County, 6 S. D. 492, 62 N. W. 105; McClain v. Williams, 10 S. D. 332, 73 N. W. 72, 43 L. R. A. 287, 289; Kirby v. Drepeau (S. D.), 147 N. W. 982; Jaffray v. Thompson (Ia.), 21 N. W. 659; Whitefoot v. Leffingwell (Wis.), 63 N. W. 82; Osbolt v. Lumberman's Indemnity Exchange (Tex.), 205 S. W. 158; Ward v. Albilena Sales Co. (Kans.), 157 Pac. 406; Cavanagh et al v. O'Conner et al (Ia.), 186 N. W. 907.

DILLON, J.  [1]  The question presented to this court for review is an order for continuance imposing conditions. The order was made after the cause had been on trial for more than a day and at a time when the plaintiff had examined many witnesses, some of whom came from some distances to be in attendance at the trial. The application for continuance was made by the defendant on affidavits. The court granted the defendant the continuance by imposing conditions: "That the defendant pay to the plaintiff all taxable costs incurred in the action to the date hereof and the further sum of $50 to defray plaintiff's expenses of attorney's fees before defendant is given the right to proceed in the trial of said cause." The respondent insists that the statute does not authorize an appeal from such an intermediate order. We think respondent's position is correct. The right of appeal is purely statutory.

[2]  Clearly, this order did not determine the action, nor did it prevent judgment from being taken. Rev. Code 1919, § 3168, subd. 1. It is simply an intermediate order made during the progress of the trial and is not appealable.

It follows that this appeal must be dismissed. It is so ordered.

Note.—Reported in 196 N. W. 297. See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 1, 3 C. J. Sec. 29; (2) Appeal and error, Key-No. 93, 3 C. J. Sec. 295.

On Rev. Code 1919, Sec. 3168, see annotations Kerr's Cyc. Codes, 1920, Civ. Pro. Sec. 963.