FREDERICK EQUITY EXCHANGE, Respondent, v. SMITH
et al, Appellants.

(196 N. W. 297.)

(File No. 5501.   Opinion filed December 21, 1923.)

1.  **Appeal and Error—Findings—Findings Not Disturbed Unless Against Preponderance of Evidence.**

Trial court's findings will not be disturbed unless against clear preponderance of evidence.

2.  **Partnership—Evidence—Finding that Partnership Existed Warranted.**

In an action against two defendants sued as partners for the value of the goods sold them, evidence that they were members of an equity exchange under a firm name, and the fact that the partnership was not denied until one of the alleged partners met with financial reverses and gave a bill of sale of his interest to the other, **held** to warrant a finding that a partnership existed.

Appeal from Circuit Court, Brown County; HON. ROBERT D. GARDNER, Judge.

Action by the Frederick Equity Exchange against George Smith and James Contwell, copartners doing business under the firm name of Smith & Cantwell.  From judgment for plaintiff and order denying new trial, Cantwell appeals.  Judgment and order affirmed.

*Van Slyke & Agor,* of Aberdeen, for Appellant.

*Thomas L. Arnold,* of Aberdeen, for Respondent.

(1)   To point one of the opinion, Respondent cited:  Karlsson v. Odland (S. D.), 192 N. W. 758; Steensland v. Noel, 28 S. D. 522, 134 N. W. 207.

GATES, J.   This is an action to recover the value of goods, wares and merchandise sold by plaintiff to defendants as partners. The defendant Smith had departed from the state and was not served with process.   The defendant Cantwell denied the partnership and alleged that the merchandise sold was sold to Smith on his individual account in his threshing business in which Cantwell was not interested.   The court found for the plaintiff.   From the judgment and order denying new trial, defendant Cantwell appeals.

[1, 2]   It would serve no useful purpose to state the facts, because no legal principle is involved. The question is solely one of fact. We cannot say from a careful examination of the evidence as disclosed in the briefs, and especially from the added facts brought out in respondent's brief, that the clear preponderance of the evidence was contrary to the findings of the trial court. Among the facts that warranted the court in finding that there was a partnership was the fact that defendants were members of respondent under the name of Smith & Cantwell, and among the items of evidence warranting the finding for respondent there was testimony tending to show that appellant knew that the items of the account were charged to the firm and that he made no complaint thereof until after Smith had met with financial reverses and had given a bill of sale of his partnership interest to appellant.

The judgment and order appealed from are affirmed.

Note.—Reported in 196 N. W. 297. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1012(1), 4 C. J. Sec. 2857; (2) Partnership, Key-No. 55, 30 Cyc. 415.