BURT et al, Respondents, v. GAGE et al, Defendants (Dugan et al, Appellants).

(208 N. W. 985.)

(File No. 5693.    Opinion filed May 28, 1926.)

**1.    Appeal and Error—Findings.**

Where there is evidence properly admitted and sufficient to support findings of court sitting without jury, it will be presumed that court considered only evidence properly admitted.

2. Appeal and Error—Mortgages—Foreclosure—In Action to Foreclose Mortgage, Admission of Four Notes Secured Thereby, One of Which Was Not Yet Due, Held Not Prejudicial to Mortgagor.

In action to foreclose mortgage, admission of four notes secured thereby, one of which was not yet due, held not prejudicial to mortgagor, where no judgment was granted on such note.

3. Mortgages—Conversation Between Purchasers and One Who Bought From Them Held Inadmissible in Vendor's Action to Foreclose Mortgage Securing Notes Signed by Second Purchaser and Indorsed by First.

Conversation at time of negotiations between purchasers, who sold property at profit, and one who bought from them but received title from original vendor, held properly rejected as immaterial in action by vendor to foreclose mortgage securing notes signed by second purchaser and indorsed by first.

4. Mortgages—Question Whether There Was Written Contract Between Purchasers and One Who Bought From Them Held Irrelevant in Vendor's Action to Foreclose Mortgage Secured by Notes Signed by Second Purchaser and Indorsed by First.

Where purchasers resold land at profit, and vendor conveyed to second purchaser, who gave cash, notes, and mortgages to both vendor and first purchasers, question of whether there was written contract between first and second purchasers held irrelevant in vendor's action to foreclose mortgage secured by notes signed by second purchaser and indorsed by first, since transaction between them was consummated.

5. Appeal and Error—Findings Sustained by Evidence, and With No Preponderance of Evidence Against Them, Will Not Be Disturbed.

Where there is evidence to support findings of court sitting without jury, and no preponderance of evidence against them, Supreme Court will not disturb such findings.

6. Guaranty—Conveyance by Vendor at Request of Purchasers to One Who Bought From Latter Held Sufficient Consideration for Purchasers' Guaranty of Payment of Second Purchaser's Notes to Vendor, Made After Delivery (Rev. Code 1919, §§ 840, 1476).

Conveyance by vendor, at request of purchasers who had resold property, to one who bought property from latter, held sufficient consideration for purchasers' guaranty of payment of second purchaser's notes to vendor, in view of Rev. Code 1919, § 840, even though guaranties were signed after delivery of deeds, and notes were in hands of vendor, notwithstanding Section 1476.

7. **Guaranty—Purchasers' Indorsements on Notes Given Vendor by One Who Bought From Them to Whom Vendor Had Conveyed at Their Request Held Original Agreements and Not Mere Guaranty of Payment.**

Purchasers' indorsements on notes given vendor by one who bought from them, to whom vendor had conveyed at their request, held original agreements and not mere guaranty of payment.

---

Note.—See, Headnote **(1)** American Key-Numbered Digest, Appeal and error, Key-No. 931(6), 4 C. J. Secs. 2726, 2982; **(2)** Appeal and error, Key-No. 1052(5), 4 C. J. Sec. 2966; **(3)** and **(4)** Mortgages, Key-No. 461, 27 Cyc. 1616 (Anno); **(5)** Appeal and error, Key-No. 1012(1), 4 C. J. Sec. 2853; **(6)** Guaranty, Key-No. 16(3), 28 C. J. Sec. 50; **(7)** Guaranty, Key-No. 4, 28 C. J. Sec. 2.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by George K. Burt and another against A. E. Gage, H. J. Dugan, and others. From a judgment for plaintiffs, and an order denying a new trial, defendants H. J. Dugan and others appeal. Affirmed.

*M. J. Russell,* of Watertown, for Appellants.

*Loucks, Hasche & Foley,* of Watertown, for Respondents.

MORIARTY, C. This is an action to foreclose a real estate mortgage, and to recover from the defendants personally the amount of any deficiency that may remain after the net proceeds of the sale of the mortgaged property have been applied upon the judgment.

There was no appearance on behalf of the defendants Gage. Originally the action was begun upon the notes secured by the mortgage without recourse to the security. The trial court ordered the form of action to be changed to one for foreclosure of the mortgage securing the notes, and thereupon an amended and supplemental complaint was served and filed. The appellants answered, and the case was tried to the court without a jury upon the issues so joined.

There is but little dispute as to the relevant facts, and, as there is substantial evidence to support the findings of the trial court, and there is no preponderance of evidence against such findings, we are justified in stating the facts as found by the trial court. The facts thus established are substantially as follows.

On May 19, 1919, the respondents were the owners of a certain half section of land in Codington county, S. D. On that day the respondents and the appellants entered into a written contract, whereby respondents agreed to sell, and appellants agreed to buy, the said tract of land. The price to be paid for said land was $24,000. $500 of which was paid in cash at the time of the execution of the contract, $12,000 by assuming a first mortgage of that amount to be placed upon the land by respondents, before conveying it to the appellants, $4,500 to be paid on the delivery of the deed, and the balance payable in accordance with the terms of four notes, one for $2,000, due November 1, 1920, one for $2,000, due November 1, 1921, one for $2,000, due November 1, 1922, and one for $1,000 due November 1, 1923, these notes to draw 6 per cent interest, payable semiannually, and their payment to be secured by a second mortgage on the land. Before the time for delivery of the deed had arrived, the appellants found a purchaser for the land in the person of the defendant A. E. Gage. The terms of their deal with Gage gave appellants a profit on the transaction of $15 per acre. After their deal with Gage was agreed upon appellants suggested to respondents that the cheapest and easiest way to complete the two transactions would be for respondents to deed the land direct to Gage, and have Gage and wife make the notes and mortgages for the balance due respondents, under their written contract with appellants. Respondents consented to close the transaction in that way, provided the appellants would indorse the Gage notes. This the appellants agreed to do. At the time this agreement was made the parties do not seem to have had any definite understanding as to what particular form of indorsement should be adopted, but their subsequent acts in carrying out the agreement show what interpretation they put upon it.

In accordance with this agreement the respondents executed a deed direct to Gage, prepared notes ready for signature and mortgage to secure same in accordance with their contract with appellants. These papers respondents sent to a Watertown bank with instructions to collect for them the sum of $4,500 and interest, less deductions for revenue stamps and recording fee on mortgage, secure the signing of the mortgage and notes by Gage and wife and the indorsing of the notes by the appellants. The

Watertown bank sent .the papers to Salem, secured the settlement of the cash payment and the execution of the notes and mortgage by Gage and wife, but the deed was delivered and the notes returned to respondents without their being indorsed in any way by appellants. At the same time that Gage and wife executed the notes and mortgage to respondents they also executed notes in the amount of $4,800 payable to appellants, and a third mortgage on the land to secure these notes. These papers represented the appellants' profit on the deal and they were delivered to them and their mortgage recorded.

After the notes made by Gage and wife and payable to respondent came back into the hands of one of the respondents, this respondent . sent for the appellant Dugan and asked to have the notes indorsed by each of the appellants. On the back of each of these notes the following indorsement was stamped:

"For value received * * * hereby guarantee the payment of the within note at maturity or at any time thereafter, waiving demand, notice of nonpayment, and protest."

The appellant Dugan signed these indorsements in the presence of the respondent, who requested him to sign. And, after signing, Dugan asked to be allowed to take the notes to appellant Bennett so as to spare Mr. Bennett the trouble of coming to the bank to sign. Dugan was allowed to take the notes, and the indorsements were afterward signed by each of the appellants, and the notes so indorsed were returned to the possession of the respondents. On or about November 1, 1919, Gage paid to appellants $2,000 of the $4,800 debt secured by appellants' third mortgage on the land.

The trial court dismissed, without prejudice, the cause of action based on the $1,000 note maturing November 1, 1923, that note not being due at the time of the trial. Judgment was entered against Gage and his wife and against each of the appellants for the amount found to be due on the other three notes. This judgment authorized a special execution against the mortgaged land and the application of the net proceeds of the execution sale toward the satisfaction of the judgment debt. This appeal is taken from said judgment and the order denying a new trial.

In their brief appellants set forth 35 assignments of error. But upon analysis we find that all of the assignments requiring

any consideration in this opinion may be grouped and disposed of under three distinct heads: (1) Those alleging error in rulings on evidence. (2) Those dealing with alleged want of consideration for the signing of the guaranty by appellants. (3) Those dealing with the alleged discharge of appellants' liability by the acts of respondents and their assignee while holding the notes.

[1]   As to the admission or exclusion of evidence: The trial was to the court without a jury, and it will be presumed, where there is evidence properly admitted and sufficient to support the findings, that the trial court considered only evidence properly admitted. Steensland v. Noel, 28 S. D. 522, 134 N. W. 207; State v. Cronin, 30 S. D. 32, 137 N. W. 593; Buchanan v. Randall, 21 S. D. 44, 109 N. W. 513; Frederick Equity Exchange v. Smith, 47 S. D. 137, 196 N. W. 297; Botsford Lumber Co. v. Schriver et al., 49 S. D. 68, 206 N. W. 423.

[2]   Appellants objected to the reception in evidence of the four notes sued upon. The ground of the objection was that the $1,000 note was not yet due. The notes were properly admitted, and, as no judgment against appellants was granted upon the $1,000 note, there could be no prejudice in its admission in evidence.

[3, 4]   Appellants allege that the court erred in sustaining respondents' objection to questions seeking to put in evidence conversations between appellants and Gage at the time they were negotiating the sale of Gage. This evidence was properly rejected as immaterial. Appellants admit that they had an agreement with Gage whereby he was to buy the land at $15 per acre in advance of the price they had agreed to pay respondents. It is also admitted that the respondents deeded the land to Gage, and Gage gave a $4,800 mortgage to appellants for their profit. Beyond these facts any part which Gage had in his dealings with appellants is immaterial. Appellants' counsel argues at considerable length that there was no written contract between Gage and appellants for the sale of the land and therefore no binding contract between them. That is wholly irrelevant to the issues of this case. Gage accepted the deed and gave the notes and mortgages both to appellants and respondents, and paid substantial sums in cash both at the time he accepted the deed and thereafter. As the transaction was consummated, the question whether either party was bound to

consummate it is immaterial. There is no prejudicial error in the ruling of the trial court upon objections to evidence.

[5] As to the question of consideration for signing the guaranty: The trial court found that the appellants requested and induced the respondents to make their deed directly to Gage, which respondents agreed to do upon the agreement of appellants that the notes given by Gage to respondents should be indorsed by appellants, and that thereafter, and in pursuance of said agreement, respondents did convey the land directly to Gage, and each of the appellants did sign the guaranty indorsement on each of the notes sued upon. There is evidence to support these findings, and there is no preponderance of evidence against them. Therefore this court will not disturb the findings, but will accept them as proper findings of the material facts.

[6] Appellants' counsel argues that the evidence shows that their contract with respondents was abandoned, and that respondents dealt directly with Gage, in a transaction in which appellants had no part and no interest. And on this basis counsel contends that the act of appellants in signing the guaranties after the deed was delivered to Gage and the notes were in respondents' hands was without the consideration required by the provisions of section 1476 of the Revised Code. We consider this position untenable. The facts in this case, as found by the trial court, bring the question of consideration clearly within the provisions of section 840 of the Revised Code, which are as follows:

"An existing legal obligation resting upon the promiser, or a moral obligation, originating in some benefit conferred upon the promiser, or prejudice suffered by the promisee, is also a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise."

When the respondents allowed their deed to be delivered to Gage, relying upon the agreement of the appellants to indorse Gage's notes, an obligation, both legal and moral, resulted, and such obligation was sufficient to support the promise contained in the guaranty. The deeding directly to Gage was not an abandonment of the original contract with appellants, but a performance thereof by conveying to a grantee named by them instead of to them. This is evidenced by the fact that the $500 paid by ap-

· pellants on the original contract .was repaid to them· by the retention of that sum from Gage's $1,000 payment, by the fact that the notes and mortgage delivered to respondents were in exact conformity with the terms of the original contract, and that appellants got cash or paper for the price they were to receive from Gage, in so far as that price exceeded the price they were to pay respondents.  This being true, it is immaterial whether the guaranties were signed before or after the delivery of the notes to the respondents.  Steers v. Holmes, 79 Mich, 430, 44 N. W. 922; Winders v. Sperry, 96 Cal. 194, 31 P. 6; section 840, R. C.; Ailes v. Miller, 52 Ind. App. 280, 100 N. E. 475; Rankin v. Matthiesen, 10 S. D. 631, 75 N. W. 196; Frick v. Hoff, 26 S. D. 361, 128 N. W. 495.

These cases follow the general rule tersely stated in Ailes v. Miller, supra; "No new consideration is necessary if the signer signs in pursuance of his own previous promise so to do."  There was consideration sufficient to support the execution of the guaranty

[7]  As to the contention that any liability arising from the signing of the guaranty was terminated by the acts of respondents:  All of the arguments of appellants' counsel upon this point are based upon the theory that the indorsements made appellants mere guarantors of the notes.  But we consider this theory untenable, in view of the fact that appellants were financially interested in the transaction, and, if their original contract with respondents were carried out, would be the makers of the notes given in payment.

"Where the promise to pay the debt of another is not the chief purpose of the transaction in which it inheres, and a substantial and valuable consideration therefor inures directly to the benefit of the promisor, * * * distinguishes these promises from those within the statute and makes them original agreements of the promisors."  Mine Smelter Supply Co. v. Stockgrowers' Bank, 173 F. 859, 98 C. C. A. 229.

The same rule is enunciated by this court in Bailey Loan Co. v. Seward et al, 9 S. D. 325, 69 N W. 58, and Frick v. Hoff, 26 S. D. 360, 128 N. W. 495, above cited.

The indorsements in the instant case were original agreements

of appellants, and they were not released therefrom by any of the acts which they rely upon as releasing them as mere guarantors.

Finding no error in the record, the judgment and order appealed from are affirmed.

CAMPBELL, J., concurs in the result.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.