IOWA STATE SAVINGS BANK, Respondent, v. HOUSMAN, Appellant.

(210 N. W. 188.)

(File No. 5413.    Opinion filed October 11, 1926.)

**Bills and Notes—Where Payee of $18,000 Note Pledged It to Plaintiff to Secure His $12,000 Note and Gave the $12,000 to Maker, Maker Held Liable to Plaintiff for Amount Received.**

Where payee of $18,000 note, given him for purpose of procuring money for maker, pledged it to plaintiff to secure his $12,000 note, and gave the $12,000 to maker, maker held liable to plaintiff for unpaid balance of amount received by him, notwithstanding extensions granted to payee on his note to plaintiff.

Note.—See, Headnote, American Key-Numbered Digest, Bills and notes. Key-No. 140, 8 C. J. Sec. 93 (Anno.).

As to extension affecting liability of one primarily liable, see 5 U. L. A. 445.

Appeal from Circuit Court, Beadle County; HON. ALVA E. TAYLOR, Judge.

Action by the Iowa State Savings Bank against Roy Housman and others. Judgment for plaintiff, and named defendant appeals. Affirmed.

*Null & Royhl,* of Huron, for Appellant.

*Gardner & Churchill,* of Huron, for Respondent.

MORIARTY, C.   This is a suit to foreclose a real estate mortgage.   The trial was to the court without a jury.   The trial court made findings of fact and conclusions of law in favor of respondent bank, and entered judgment against appellant in the sum of $8,545.75, and decreed foreclosure of the mortgage sued upon.

There is no abstract of the evidence, and the appeal is from the judgment only.   The undisputed facts are as follows:

On April 20, 1918, appellant signed and delivered to one H. G. Spratt a promissory note, negotiable in form, whereby he promised to pay to said Spratt the sum of $18,000, with interest at 8 per cent from date until due, and 10 per cent after maturity. One the same date appellant mortgaged 800 acres of land in Beadle county as security for the payment of said note; this is the mortgage sued upon.

On April 24, 1918, Spratt indorsed the note to respondent and assigned the mortgage therewith.   This assignment was as collateral to a note for $12,000 made by Spratt to respondent, and, immediately after receiving this note and the collateral paper, respondent transmitted $12,000 to the credit of the City National Bank of Huron, of which bank Spratt was then president.   On April 29th the City National Bank placed the $12,000 to the credit of appellant, who almost immediately withdrew the whole of said credit.

About April 29, 1919, two of the quarter sections covered by the mortgage were released from the lien of the mortgage and were sold, $5,000 of the proceeds being paid on the $12,000 note given to the respondent by Spratt.   A new note for $7,000 was given by Spratt to respondent to cover the balance due on the former note for $12,000.   In November, 1919, Spratt borrowed $3,000 additional from respondent, and gave his note for $10,000 to cover this $3,000 and the $7,000 balance due on the $12,000 note.   In May, 1920, Spratt's note to respondent was again renewed, but the amount of said note, with interest from May 12, 1920, remains due and unpaid.   During all these times the respondent continued to hold the appellant's note and mortgage as collateral to Spratt's notes.

When appellant gave to Spratt the paper sued upon in this case, Spratt gave appellant the following receipt:

"Received of Roy Housman, as collateral security, the following notes and mortgages:   One note for $18,000 secured by second mortgage on 800 acres of land in Valley township, Beadle county, S. D.   Also one note secured by chattel mortgage of Joe A. Housman for $1,700, dated 4-22-18 and due Dec. 1, 1918.   Said collateral to be held by H. G. Spratt, for all loans made by him as president of City National Bank, and for all indorsements and loans made by him personally, to Roy Housman and for his benefit.                                    H. G. Spratt."

Appellant contends that this writing shows that he was a mere surety of Spratt in the transaction, and that the extensions of Spratt's paper after the maturity of appellant's note released appellant's liability thereon.   This contention that the appellant signed the note sued upon as a mere accommodation to Spratt and his bank is the sole basis for the appeal.

This contention is unsound.   While the record does not show what, if any, further indebtedness from appellant to Spratt or his bank might exist as consideration for the note sued upon, the record does show, and the trial court found, that appellant got all of the $12,000 advanced by respondent on the original Spratt note.   There is no evidence of any payment made by appellant except the $5,000 derived from the sale of the land.   The trial court gave judgment for only $8,545.75, which represented the $7,000 balance remaining unpaid upon the $12,000 which appellant had originally received, and interest on such balance.   This judgment gave appellant credit for the $5,000 which had been paid on this $12,000 indebtedness, and there is no claim that any other payment has ever been made on that debt.

It is difficult for this court to see how extensions granted to Spratt could relieve appellant from liability for the amount actually unpaid of the consideration which he had received for his note held by respondent.   As the primary purpose for which appellant gave the paper sued upon was to procure money for himself, he was not a mere surety of Spratt, but is primarily liable on the paper held by respondent.   Frick v. Hoff, 26 S. D. 360, 128 N. W. 495; Bailey Loan Co. v. Seward et al., 9 S. D. 326, 69 N. W. 58;

Mine & Smelter Supply Co. v. Stockgrowers' Bank, 173 F. 859, 98 C. C. A. 229.

The judgment appealed from is affirmed.

CAMPBELL and POLLEY, JJ., concur in the result.

DILLON, J., not sitting.