LITTLE, Respondent, v. PLUMMER, Appellant.

(211 N. W. 972.)

(File No. 5783.    Opinion filed January 28, 1927.)

1.  Appeal and Error—In Trial to Court, Admission of Incompetent Evidence Is Not Reversible Error, if There Is Competent Evidence Sufficient to Support Finding.

Where case is tried to court, admission of incompetent evidence will not constitute reversible error, if there is competent evidence properly admitted sufficient to support findings, since trial court is presumed under such circumstances to have disregarded incompetent evidence.

2.  Fraudulent Conveyances—Husband and Wife—Intent to Defraud Is Not Necessary to Set Aside Conveyance to Wife Without Fair Consideration Rendering Grantor Insolvent (Laws 1919, c. 209, § 4).

Finding of intent to defraud is not necessary to support judgment setting aside conveyance, without fair consideration, from husband to wife, which rendered grantor insolvent, since, under Laws 1919, c. 209, § 4, such a transfer is fraudulent as to creditors, regardless of actual intent.

3.  Fraudulent Conveyances—Wife's $800 Loan, $400 Note, and $1,450 Claim for Cooking, Held Not Fair Consideration for Transfer of Land Worth $10,000, Rendering Grantor Insolvent (Laws 1919, c. 209, § 3).

Wife's loans to husband of $800, his agreement to assume payment of $400 note which she inherited, and her claim for $1,450 for cooking for threshing crew, held not fair consideration for transfer to her of land worth $10,000, which rendered husband insolvent, and so did not prevent it from being fraudulent as to creditors, under Laws 1919, c. 209, § 3.

4.  Appeal and Error—Supreme Court Must Consider Facts to Be as Found, Where Substantial Evidence Supports Findings Without Plain Preponderance Against Them.

Where there is substantial evidence to support findings of court, and there is not any plain preponderance of evidence against such findings, Supreme Court must consider facts to be as found.

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1054(3), 4 C. J. Sec. 2982; (2) Fraudulent conveyances, Key-No. 64(2), 27 C. J. Sec. 249; (3) Fraudulent conveyances, Key-No. 95(2), 27 C. J. Sec. 281; (4) Appeal and error, Key-No. 1012(2), 4 C. J. Sec. 2853.

Appeal from Circuit Court, Brown County; Hon. Robert D. Gardner, Judge.

Suit by Harry Little, trustee of the estate of Josiah Plummer, bankrupt, against Jessie K. Plummer. From judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

*M. C. Lasel,* of Aberdeen, for Appellant.

*Corrigan & Walton, Williamson, Williamson & Smith,* and *McNulty & Campbell,* all of Aberdeen, for Respondent.

MORIARTY, C. This is an action brought by the trustees of the bankrupt estate of Josiah Plummer, bankrupt.

The purpose of the action is to secure a decree setting aside a conveyance, on the ground that it was made in fraud of creditors. The transfer involved was made by a deed executed by the said Josiah Plummer on November 29, 1920, and conveying a quarter section of land to Jessie K. Plummer, the appellant herein.

The case was tried to the court without a jury, and the trial court found the facts to be as follows:

At all times affecting the issues of this case the appellant, Jessie K. Plummer, was the wife of Josiah Plummer, now bankrupt. On November 29, 1920, said Josiah Plummer was the owner of the land in controversy and of three other quarter sections of land.

The land in controversy was at that date free from any lien or incumbrance, and was of the value of $10,000. The remaining three sections were at that time of the value of $24,000, and no more. The only other property owned by said Josiah Plummer on that date was personal property, of the value of $5,000, and no more.

On that date said Josiah Plummer owed debts aggregating $39,500, not taking into account any indebtedness to his wife. And on said date he conveyed to his wife, Jessie K. Plummer, the appellant herein, the land in controversy. The above-mentioned debts

have never been paid. On August 21, 1922, Josiah Plummer filed a voluntary petition in bankruptcy. On August 27, 1922, he was adjudged a bankrupt, and on August 31, 1922, the respondent was duly appointed trustee of the bankrupt estate. And the trial court further found that Plummer made the deed to his wife without consideration, and with intent to defraud his creditors, and that the appellant accepted said deed knowing of her husband's indebtedness and insolvency, and so accepted said deed with intent to assist her said husband in defrauding his creditors.

From a judgment entered in accordance with said findings and with conclusions based thereon, and from an order denying a new trial, this appeal is taken.

[1] Appellant's counsel presents in his brief 79 assignments of error. Most of these assiglments deal with rulings of the trial court on the admission or exclusion of evidence. But, as the case was tried to the court, the admission of incompetent evidence will not constitute reversible error if there is competent evidence, properly admitted, sufficient to support the findings.

Under such circumstances the trial court is presumed to have disregarded the incompetent evidence. Colomb v. First Nat. Bank 50 S. D. 69, 208 N. W. 404; Burt v. Gage, 50 S. D. 208; 208 N. W. 985; Steensland v. Noel, 28 S. D. 522, 134 N. W. 207; Frederick Equity Exchange v. Smith, 47 S. D. 137, 196 N. W. 297; Botsford Lumber Co. v. Schriver, 49 S. D. 68, 206 N. W. 423.

There is no direct evidence that the conveyance was made or accepted with intent to defraud creditors. But the evidence by which the appellant sought to show a consideration for the deed is not very convincing, and the trial court might well believe that it was insufficient to sustain the burden cast upon appellant by her relationship to the grantor, knowledge of his heavy indebtedness, the fact of his existing insolvency and of his subsequent bankruptcy, without the payment of the debts then existing. ·

[2] In any event, the finding of intent to defraud is not necessary to support the judgment, as section 4 of chapter 209, Laws of 1919, provides:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

As the court found that the grantor of the deed in controversy owed debts amounting in the aggregate to $39,500 at the date of the transfer, and that, on said date, the value of all his property remaining was $29,000, and no more, such findings show the fact to be that the transfer in controversy rendered the grantor insolvent.

[3] And section 3 of said chapter 209 provides that, in order to constitute a fair consideration, the property exchanged or antecedent debt satisfied must be a fair equivalent for the property conveyed.

Appellant's evidence as to the consideration was that she loaned her husband $800 shortly after their marriage in 1892; that her husband had agreed to assume a note for $400 made by his father, and which note appellant claimed to have inherited; and that her husband owed her about $1,450 for cooking for a threshing crew during the years 1912, 1913, 1915, 1916, 1917, 1918, 1919, and 1920. Under the trial court's finding that the land was worth $10,000 when deeded to appellant, these items, even if considered genuine by the trial court, would not be a fair equivalent for the land.

[4] While there is some conflict in the evidence as to the values of the real and personal property owned by Josiah Plummer at the date of the conveyance, there is substantial evidence to support the findings of the court, and we cannot say that there is any plain preponderance of evidence against such findings. Under such circumstances this court must consider the facts to be as found by the trial court. Churchill & Alden Co. v. Ramsey, 48 S. D. 237, 203 N. W. 502; Gordon v. White, 33 S. D. 234, 145 N. W. 439; Colomb v. First National Bank, supra, and cases there cited; Burt v. Gage, supra.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., disqualified and not sitting.