SPRICK, Respondent, v. SCHREINER, Appellant.

(220 N. W. 860.)

(File No. 5994.   Opinion filed August 10, 1928.)

*McNulty, Williamson & Smith,* of Aberdeen, and *P. M. Burns* and *T. C. Gorman,* both of Timber Lake, for Appellant.

*Morrison & Skaug,* of Mobridge, for Respondent.

BURCH, P. J.   On the 24th of November, 1923, appellant signed a criminal complaint charging respondent with taking possession by force of eight head of cows, which appellant had impounded for trespass.   A technical arrest was made, although respondent was never taken into actual custody.   He was, however, required to answer to a criminal charge as above indicated. The complaint was defective, in that it charged the cows were owned by appellant instead of respondent as intended.   Respondent was acquitted, and thereafter brought this action for malicious prosecution of the criminal charge.   The jury returned a verdict for $1,600 in favor of respondent.   The actual damages proven did not exceed $400, so that at least $1,200 of the judgment must have been punitive damages.

It is claimed by appellant that the verdict was excessive and the result of passion and prejudice of the jury, and that the court erred in numerous rulings in the admission and rejection of evidence.

We will not attempt to review all the assignments in detail. The case was loosely tried, and must be reversed.

The damages appear to be excessive.   Very little actual damage is shown.   The act charged is not one that imputes moral turpitude, nor that tends to disgrace respondent in the eyes of his neighbors.   He was not taken into custody or actually restrained of his liberty.   The complaint was on its face defective, and it does not appear that the several continuances and delays caused by defendant in the criminal action were necessary, or that the witnesses he produced at claimed great expense were needed.   Very little actual damage is proven.   As to punitive damages, respondent admits that his cattle trespassed on appellant's land on numerous occasions, and damaged and vexed appellant, and that on one or

two occasions he recovered his cattle while appellant was attempting to impound them. There is very little, if any, evidence to warrant the assessment of punitive damages, but we will not further review the evidence in this respect, nor consider the evidence as to bias or prejudice of the jury, as there are several erroneous rulings of the court that render a reversal necessary.

■ The complaint in the criminal case was offered in evidence showing on its face an erasure of the name "Ed. Schreiner" and the substitution of the word "Wm. Sprick." Appellant attempted to inquire into when and by whom the erasure was made. The court excluded the inquiry. That was material on the question of damages. This court has held, in Vander Linden v. Oster, 37 S. D. 113, 156 N. W. 911, that the failure of a criminal complaint to charge a crime is not a defense to a subsequent action for malicious prosecution in causing an arrest thereon, but that it is material on the question of damages. If the complaint was not changed until after the termination of the criminal action, then the criminal action proceeded on a complaint that did not state a cause of action. Appellant had a right to inquire into the time and manner of the change in the complaint.

■■ A more flagrant error in rejecting evidence appears in the action of the court in striking out certain testimony of Mrs. Schreiner. Respondent and his witnesses had testified that he had taken cattle from the premises of appellant but once, and that was on the morning of July 11th or 12th; that the cattle were not in an inclosure, but some were in the alfalfa field near the corral. Mrs. Schreiner testified that on that occasion, July 12th, the cattle were locked in, but she said that was not the occasion referred to in the criminal complaint, but that the criminal complaint referred to another occasion on or about the 26th of July. She testified to the occasion of the 26th, and then said the cattle were also there and locked in on the 12th. Apparently to make her testimony certain and clear she was asked this question, "And this other time later was the time in question, when the complaint was made before the state's attorney, that was at some time later than the 12th, was it?" to which respondent objected as calling for a conclusion and was sustained. This was certainly not calling for a conclusion, but for a fact which she was claiming to relate. But we pass this error without deciding whether or not it was prejudicial.

Shortly thereafter respondent moved to strike all of her testimony concerning the occasion of the 12th because "it has nothing to do with the question at all." This was sustained. We cannot understand the theory on which this ruling was made. A large part of respondent's case whereby he sought to show his innocence of the crime charged was predicated upon the occurrence of July 11th or 12th; respondent claiming this was the only occasion when he and his brother took cattle from or near appellant's corral. She certainly had a right to give her version of the occasion of July 12th and what there occurred in order to meet respondent's proof, and she also had a right to show respondent's guilt on another occasion with which she says he was charged; that being material to appellant's defense. To permit testimony as to only one occasion was likely to impress the jury with the idea that the court was satisfied there was but one occasion, and that the issue was as to the date and whether or not the cattle were locked in the corral on that date. Of course respondent had a right to testify that there was but one occasion, and to relate the date and what occurred. But appellant had as much right to show more than one occasion, to fully explain the occasion relied on by respondent, and also to relate the facts and circumstances of the occasion that was the cause of respondent's arrest. Explaining the first may negative respondent's case; explaining the second may establish appellant's defense. If there were two occasions, both are material in view of respondent's proof, and he must meet both. He cannot confine himself to one where he has disinterested witnesses and confine appellant to another. Striking out such testimony was highly prejudicial.

The judgment and order appealed from are reversed.

POLLEY, and BROWN, JJ., concur.

SHERWOOD, J., not participating.

CAMPBELL, J., disqualified and not sitting.