HULSETHER, Respondent, v. SANDERS, et al, Appellants.

(223 N. W. 335.)

(File No. 6721. Opinion filed February 2, 1929.)

*E. E. Wagner* and *Florence M. Ryan,* both of Mitchell, for Appellants.

*M. Q. Sharpe,* of Kennebec, and *Miller & Shandorf,* of Mitchell, for Respondent.

CAMPBELL, J. In March, 1920, plaintiff owned 720 acres of land in Lyman county, S. D., and sold the same to the defendant Elias J. Sanders, receiving as the purchase price thereof approximately $15,000 in cash, and notes executed by the purchaser representing deferred payments in the aggregate principal sum of $31,800, all dated March 1, 1920, and due March 1, 1925, with interest at 6 per cent, secured by mortgage on said 720-acre tract.

The defendant purchaser, Elias J. Sanders, appears to have kept up the interest payments which came due annually on the deferred portion of the purchase price of the Lyman county land, and to have paid most, if not all, of the taxes thereon, but failed to pay the last installment of interest and the principal sum of $31,800, all of which came due March 1, 1925. Plaintiff and said defendant appear to have had some correspondence and some conversation regarding the matter, and finally on October 20, 1925, plaintiff informed the defendant Elias J. Sanders that he would institute proceedings to foreclose the purchase-money mortgage on the Lyman county land and for judgment upon the notes. On

October 20, 1925, at 2:10 o'clock p. m., there was recorded in the office of the register of deeds of Davison county, S. D., a deed executed by the defendant Elias J. Sanders to the defendant Herbert Sanders, his son, conveying lot 11 of block 2 in the town of Mitchell, which had been owned by the said Elias J. Sanders for some years. This deed purported to have been dated and acknowledged September 16, 1924, and the consideration named therein is "one dollar and love and affection." On the same day, October 20, 1925, at 2:15 o'clock p. m., there was filed in the office of the register of deeds in Davison county, S. D., a bill of sale executed by the defendant Elias J. Sanders to Fred Ruble, his son-in-law, purporting to bear date October 3, 1925, and conveying and transferring certain pool hall furniture and fixtures.

The town lot so deeded to his son Herbert, and the pool hall furniture and fixtures so transferred to his son-in-law Ruble, embraced all the property of the defendant Elias J. Sanders, excepting only his equity in the Lyman county land.

A day or two after October 20, 1925, plaintiff instituted an action in Lyman county, S. D., against the defendant Elias J. Sanders to foreclose the purchase-money mortgage given by him to plaintiff on the Lyman county land to secure judgment upon the notes, which action resulted in a judgment dated May 3, 1926, in favor of the plaintiff and against the defendant Elias J. Sanders for $37,464, and which judgment also directed the foreclosure of the mortgage upon the Lyman county land. In such Lyman county action the plaintiff had endeavored about October 24, 1925, to attach the town lot in Mitchell, above referred to.

The Lyman county land was sold upon foreclosure June 9, 1926, pursuant to the judgment aforesaid, for the aggregate sum of $24,800, and the net proceeds thereof applied upon plaintiff's judgment, leaving a deficiency in the sum of $12,963.45, upon which execution was issued to the sheriff of Lyman county, and returned, no property found.

Thereafter plaintiff instituted this action against the defendants Elias J. Sanders and his son, Herbert, to set aside the conveyance of the Mitchell town property, aforesaid, upon the ground that the same was fraudulent as against creditors and particularly as against the plaintiff. The other defendants were joined in an effort to reach certain rentals, arising out of a lease upon the Mitchell prop-

erty executed by Elias J. Sanders to the defendant D. R. Grigg Company in 1922 for a five-year term. The assessed valuation of the town property in Mitchell was $15,000, and it was subject to a mortgage for $,6000 and a mortgage for $300.

The trial court made findings and conclusions upon all the issues in favor of the plaintiff, and from judgment entered thereon, and from an order denying their application for a new trial, the defendants Elias J. Sanders and Herbert Sanders have appealed.

Appellants contend that the transfer from Elias J. Sanders to his son was made in fact September 16, 1924, the date shown upon the deed, and that the consideration was that the grantee was to pay off the mortgage indebtedness of $6,000 then existing against the premises and to support and maintain the grantor during the remainder of his natural life; that there was fair consideration for the transfer; that there was no actual intent thereby to defraud creditors; that said transfer did not render the grantor insolvent; and that after said transfer the "fair, salable value" of the assets of the said Elias J. Sanders (that is, the equity in the Lyman county land) was sufficient "to pay his probable liability on his existing debts as they become absolute and matured." Respondent, on the other hand, contends that the transfer was not in fact made until October 20, 1925, when the deed was recorded; that it was made with the actual intent to defraud creditors; that the appellant Herbert Sanders gave no fair consideration therefor; and that said transfer, whether made in October, 1925, or in September, 1924, necessarily rendered the grantor, Elias J. Sanders, insolvent, and was fraudulent as to creditors regardless of his actual intent.

The law applicable to the situation is plain and is found in the Uniform Fraudulent Conveyance Act, chapter 209, Laws 1919. There is considerable conflict in the testimony with reference to the facts, and reasonable minds might draw different inferences therefrom.

The learned trial judge made, among others, the following findings of fact:

"(12) That on the 20th day of October, 1925, there was placed of record in the office of the Register of Deeds of Davison County, South Dakota, a certain warranty deed, purporting to have been executed on September 16, 1924, wherein the defendant, Elias J. Sanders, purported to convey unto the defendant, Herbert

Sanders, the said real estate described as Lot 11 of Block 2 of the original town, now city, of Mitchell, in Davison county, South Dakota, for the consideration of one dollar, and love and affection.

"(13) That the defendant, Herbert Sanders, to whom said real estate was purported to be conveyed by the said warranty deed, last mentioned and referred to, is the son of the defendant, Elias J. Sanders, the grantor in such deed and one of the defendants in this action.

"(14) That at the time the said deed, represented by the record in the office of the Register of Deeds of Davison County, South Dakota, above referred to, was executed, the defendant, Elias J. Sanders, was in such financial condition that the fair salable value of his assets was less than the amount that he would have been required to pay to satisfy his existing debts at that time as they became absolute and matured.

"(15) That the said conveyance of the said real estate last above described by the said Elias J. Sanders to Herbert Sanders, defendants herein, left the said Elias J. Sanders insolvent and said conveyance was made with the intent and for the purpose of hindering, delaying and defrauding the creditors of the said Elias J. Sanders, in the collection of their just debts.

"(16) That no fair consideration of any kind was given by the defendant Herbert Sanders, to the defendant Elias J. Sanders, for the conveyance of the real estate last above described, as no property was conveyed or money paid by the defendant, Herbert Sanders, to the defendant, Elias J. Sanders, nor was any antecedent debt satisfied by said transfer or conveyance of property, nor was such property received in good faith to secure any present advance or antecedent debt in any amount proportionate to the value of the real estate conveyed by the defendant, Elias J. Sanders, to the defendant Herbert Sanders."

These findings deal with the matters principally in dispute between the parties upon the facts, and are sufficient to support the conclusions and judgment so far as concerns the disputed fact issues.

We have read with care the testimony as presented in the briefs of the respective parties and we think no good purpose would be served in undertaking to set the same out in detail or analyze it in this opinion. We incline to the view that the evidence

supports the findings above set out. We are far from being able to say that the clear preponderance of the evidence is against such findings.

It is settled law in this state that findings of the trial court upon conflicting evidence will not be set aside unless they are against the clear preponderance of the evidence. Stalting v. Stalting, 52 S. D. 309, 217 N. W. 386; Churchill & Alden Co. v. Ramsey, 48 S. D. 237, 203 N. W. 502; Unzelmann v. Shelton, 19 S. D. 389, 103 N. W. 646.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.

BROWN, J., absent and not participating.