HIRNING, Receiver, Respondent, v. TIMM, et ux, Appellants.

(258 N. W. 130.)

(File No. 7710. Opinion filed December 17, 1934.)

See, also, 63 S. D. 94, 256 N. W. 372.

*D. H. Lloyd,* of Flandreau, and *Louis H. Smith,* of Sioux Falls, for Appellant.

*Rice & Rice,* of Flandreau, and *Blaine Simons,* of Sioux Falls, for Respondent.

CAMPBELL, J. This action was instituted by First National Bank of Flandreau, S. D. Before the case came on for trial, the bank had closed, and Hirning had become receiver in

charge and was accordingly substituted as party plaintiff. The fact situation leading up to the bringing of the action may be briefly stated as follows: June 14, 1932, defendant Herman Timm gave to plaintiff bank his promissory note for $1,000, due October 1, 1932. At that time Timm owned and operated a pool hall in the city of Flandreau, and owned the realty whereon the same was located. On July 22, 1932, Herman Timm transferred a half section of Moody county land to the holder of a $13,000 mortgage thereon, and on the same day he transferred to his wife, Emma Timm, his unincumbered homestead in Flandreau, the realty whereon his pool hall was situated, and gave her a bill of sale of all the stock, furniture, and equipment thereof. Plaintiff bank, taking the position that the transfer to Emma Timm was in fraud of creditors, commenced the present suit on August 5, 1932, asking that the deed and bill of sale from Herman to his wife be adjudged fraudulent and void; that the same be set aside; that plaintiff have judgment against the defendant Herman Timm for the amount due upon its note upon maturity thereof; and that the property be subjected to the payment of said judgment. The case coming on for trial to the court without a jury, findings, conclusions, and judgment were in favor of plaintiff upon all the issues, from which judgment and from the denial of their application for a new trial defendants have appealed.

Appellants predicate error upon the admission in evidence of a certain document called in the record a "tax list," which appears to have been a verified statement of taxable property with values signed by Herman Timm and returned to the assessor and thence to the county auditor in May, 1932. Appellants rely upon State v. Demerly (1929) 56 S. D. 65, 227 N. W. 463, as authority that the document was not admissible. If the admission of this exhibit was erroneous (which, for present purposes, we may concede without deciding), it must be deemed error without prejudice. It was material only with reference to the value of the property involved. There was much other evidence in the record relating to that question, and there is nothing to indicate that the learned trial judge in anywise relied upon this exhibit in arriving at his result. Cf. Williamson v. Voedisch Jewelry Co. (1915) 35 S. D. 390, 152 N. W. 508. It will therefore be presumed that, if this

exhibit was incompetent, the court disregarded it. Matejka v. Reider (1934) 62 S. D. 335, 252 N. W. 878, and cases there cited.

Appellant's principal reliance, however, is upon the claimed insufficiency of the evidence to support the findings. The court found that the property conveyed by defendant Herman Timm on July 22, 1932, was substantially all of the property of any value owned by him, and that by said transfers he was rendered insolvent and unable to pay his existing debts as they matured and became due, and the court further found as follows:

"That the said defendant, Herman Timm, at the time of the transfer of said real and personal property to his wife, Emma Timm, on the 22nd day of July, 1932, was not indebted to her on any account, and that she did not pay a fair consideration to the said Herman Timm, for the alleged transfer to her of the said real and personal property, and that at said time said Emma Timm had full knowledge of the indebtedness owing by her husband, the said Herman Timm, and that the transfer of said property rendered her husband, Herman Timm, insolvent and made it impossible for him to pay his debts as they matured and became absolute.

"VI. That the transfer of the real and personal property described in paragraph III hereof, from the defendant, Herman Timm, to his wife, Emma Timm, was made with the intent on the part of said grantor, Herman Timm, and for the purpose of hindering, delaying and defrauding the creditors of said Herman Timm, and was fraudulent as to said creditors and not made in good faith, and that the defendant, Emma Timm, had knowledge at the time thereof of the purpose and intent of said grantor and that the said defendants connived and colluded in the making of said transfer for the purpose of hindering, delaying, cheating and defrauding the creditors of said Herman Timm, and that he should continue after said conveyance to be the true owner of said property, and that subsequent to said conveyance he has remained in possession thereof and that such conveyances were made for the purpose of defrauding, hindering and delaying this plaintiff in the collection of his indebtedness as herein found."

It was the contention of appellants that the conveyance by Timm to his wife was to secure her for certain money which she received by inheritance and gave to her husband to be employed in his business and to be paid back with interest "when he had the

money." It is quite amply proved that she received from her father and gave to her husband the sum of $1,000 in 1908 and the sum of $2,705.98 in 1922.

By virtue of section 4 of the Uniform Fraudulent Conveyance Act (chapter 209, Laws S. D. 1919), if the conveyances in question rendered Herman Timm insolvent, they would be fraudulent as to creditors without regard to the intent either of Timm or his wife, if made "without a fair consideration." We are satisfied that the evidence entirely supports the trial court in finding that the conveyances of July 22 rendered Herman Timm insolvent within the definition of section 2 of the law. Whether there was fair consideration, under the circumstances of this case, must depend (section 3 of the law) upon whether or not the conveyance was to secure or satisfy "an antecedent debt" owing from Timm to his wife by virtue of the money advanced to him as above set out. It is clear enough that the advances were made, but, in view of the relationship between husband and wife, no implication arises, merely from the receipt of the advances, of a promise to repay. It must be otherwise affirmatively established that the husband and wife in the particular transaction dealt with each other as debtor and creditor, and the trial court was not bound to accept their statements on that point merely because there was no other direct evidence concerning it. Churchill & Alden Co. v. Ramsey (1926) 50 S. D. 73, 208 N. W. 406; Smith v. Gable (1930) 56 S. D. 604, 230 N. W. 28. Unless such agreement to repay was affirmatively established, the husband did not become indebted to the wife by reason of advances she made to him. If he was not so indebted, the transfer was not upon a fair consideration, and, if it rendered him insolvent, was fraudulent as to creditors, regardless of intent. The trial court has found that the transfers did render Herman Timm insolvent and that they were not upon fair consideration. We are unable to say that the evidence preponderates against such findings, and they are sufficient to support the conclusions and judgment.

Finding no prejudicial error in the record, the judgment and order appealed from must be, and they are, affirmed.

All the Judges concur, except WARREN, J., who did not sit.