COMMERCIAL SERVICE CORPORATION, Respondent, v. DEGNER, et ux., Appellants.

(275 N. W. 342)

(File No. 8053.   Opinion filed October 5, 1937)

*W. J. Hooper,* of Gregory, for Appellants.

*Krause & Krause* and *E. P. Van Buren,* all of Dell Rapids, for Respondent.

POLLEY, J.   This action was brought to set aside certain deeds of conveyance of several tracts of farm land in Brookings county.   The defendants are husband and wife and the deeds in question were executed by defendant D. W. F. Degner to Lillian Degner, his wife, and it is alleged in the complaint that the execution of the deeds was procured by Mrs. Degner for the fraudulent purpose and intent of covering up the title and ownership of her said husband to the said property, together with all his property, real and personal, to hinder and delay and defraud his creditors; that said conveyances were made with the connivance and knowledge of Mrs. Degner; and that such conveyances rendered Mr. Degner insolvent.

Defendant Degner in a separate answer admitted the execution of the deeds, but denies any fraudulent intent or purpose.

Mrs. Degner in her answer admits the making of the conveyances but alleges that at the time of the making thereof her husband was indebted to her in a large sum of money to wit, not less than $20,000, and that the said conveyance was made to her in payment of said indebtedness.

The case was tried to the court without a jury. Findings of fact, conclusions of law, and judgment were for plaintiff, and defendants appeal.

The testimony shows that the defendants had been married and living together since 1896 and have been living and farming in Brookings county continuously since said date. They were successful in their farming operations and accumulated a considerable amount of property. For the purpose of procuring credit Mr. Degner on the 21st day of June, 1930, made a property statement to the First State Bank of Volga showing the ownership at that time of personal property of the value of $5,000, $2,000 of which consisted of Liberty bonds, and 800 acres of land in Brookings county which he valued at $60,000. He listed his debts at $8,000 secured by real estate mortgage and $2,100 owing to the bank, making a total indebtedness of $10,100, leaving him with $54,900 worth of clear property. He testified that he used the Liberty bonds to pay taxes with so that after deducting his homestead exemption of $5,000 he had $47,900 worth of property over and above all his debts and liabilities. There is no evidence that he disposed of any of the property except the Liberty bonds until the 30th day of August, 1932, when by bill of sale and real estate deeds he conveyed everything he had to his wife for an expressed consideration of $1, which was not paid.

It is the contention of the defendants that at the time of the making of the said conveyances Mr. Degner was indebted to his wife in a sum sufficient in amount to constitute a fair consideration for the value of the property so conveyed. The claimed indebtedness of Mr. Degner to his wife consisted of the following items to wit: They both testified that shortly after their marriage Mrs. Degner advanced to her husband the sum of $400 and that he agreed to pay this money back to her with interest at 5 per cent. per annum; that shortly thereafter she let him have $300 and later on $100; that he promised to repay these sums with interest

at 5 per cent. per annum. No note or memorandum of any kind was given her and just the date of these loans the evidence does not show. At a later time (date not given) Mrs. Degner loaned her husband $1,110.70, for which she took his note for that amount. A little later on she loaned him $850, for which amount she took his note, and shortly before the execution of the deeds in question she let him have $4,400. It is also shown by the evidence that from about the year 1900 Mr. Degner had collected the rent year after year on a quarter section of land belonging to his wife, no part of which rent has he ever turned over to her, but that the same was always used by him in carrying on their joint farming operations. They both testified that he promised to repay this money with interest at 5 per cent. In the absence of the dates when these advances were made, it is not possible to compute, with any degree of certainty, the amount of interest due, but they talked the matter over between themselves and decided that $30,000 would be about the amount Mrs. Degner should have, and in payment thereof he conveyed to her all the property, both real and personal, he possessed. When cross-examined as to how they arrived at this amount, Mrs. Degner after some evasion said, "Well, we figured and kind of guessed at it." At the time Mr. Degner made the conveyances to his wife he owed the First State Bank of Volga some $2,000 and the bank promptly started suit to set aside the deeds on the ground that the conveyances were fraudulent and made for the purpose of defrauding his creditors, especially the said bank. So far as appears from the record the defendants made no claim that Mrs. Degner had paid a fair consideration for the conveyances, and she immediately assumed the debt and signed notes to the bank for the amount owed by Mr. Degner and in that way procured a dismissal of the suit. Upon the question of a fair consideration for the property conveyed, the trial court made the following finding of fact:

"That for many years prior to, and on, August 30, 1932, the defendant D. W. F. Degner was and continued to be the owner in fee and of record of several tracts of farm lands in said Brookings county, including the following: the Southeast quarter (SE¼) of Section 26, Township 110, Range 52; the Northwest quarter (NW¼) of Section 36, Township 110, Range 52, and the North

half of the Northeast quarter (N½NE¼) of Section 36, Township 110, Range 52, in all of an unincumbered value far in excess of the amount of plaintiff's judgment hereinafter described.

"That on and under date August 30, 1932, while said attorney remained engaged in completing the services for which he had been employed as aforesaid, the defendant D. W. F. Degner, with intent to hinder, delay, and defraud his creditors, including his said attorney, and at the instigation of the defendant Lillian Degner, signed certain sundry and diverse instruments whereby he pretended to convey to his said wife all of his above mentioned and described real property for a nominal consideration expressed in each of the said instruments, with the fraudulent intent and purpose of covering up his title and ownership to the said real property, which intent and purpose was then and there known to and concurred in by his said wife. That by the execution of all of said instruments of conveyance, the said D. W. F. Degner rendered himself designedly insolvent, all then and there well known to his said wife. That by said so pretended conveyance, the said D. W. F. Degner included in his warranty deed the following property; the Northwest quarter and the North Half of the Northeast quarter of Section 36, Township 110, Range 52, Brookings county, South Dakota, which said deed was dated August 30, 1932, and was recorded in the office of the Register of Deeds of said Brookings county on August 30, 1932."

The claim upon which the judgment involved in this case grows out of was the employment of Mr. G. R. Krause, attorney for plaintiff in this action, by Mr. Degner for the performance of certain legal services by said Krause for said Degner; that said services had been partly performed prior to the execution of the said deeds and the other part thereafter; that after the completion of said services the claim amounting to $1,384.22 for the performance thereof was assigned to the plaintiff by said Krause and was thereafter reduced to judgment by the plaintiff.

And the court further found:

"* * * on January 23, 1934 an execution to enforce the collection of said judgment was duly issued and placed in the hands of the sheriff of said Brookings county, which sheriff sought for but failed to find any personal property in the name of said D.

W. F. Degner in his said county * * * and did thereupon levy such execution upon the hereinbefore specifically described real property as the property of defendant D. W. F. Degner and has held said property under said execution and levy pending the determination by the court as to whether said real property is subject to levy and sale to satisfy the plaintiff's said judgment.

"* * * that there is now due and owing to the plaintiff the full amount of said judgment, namely $1418.00 and interest thereon from January 25, 1933, at 6% per annum, and that said judgment and levy under said execution remains a lien therefor upon the real property hereinbefore specifically described * * *.

"That the evidence tendered by the defendants is insufficient to sustain the allegations of their answers; that they have failed to tender evidence showing a fair consideration for the hereinbefore referred to conveyances by said D. W. F. Degner to said Lillian Degner; and that said conveyances were made by said D. W. F. Degner and accepted by said Lillian Degner without a fair consideration and with the intent to defraud the creditors of the defendant D. W. F. Degner, and particularly the plaintiff in this action."

We believe the evidence disclosed by the record in this case brings it within the provisions of section 4 of the Fraudulent Conveyance Act, chapter 209, Laws of 1919, and that the trial court was fully justified in finding there was not a fair consideration for the conveyances complained of and that said conveyances were made by Mr. Degner for the purpose of rendering himself insolvent and preventing the plaintiff from collecting its judgment. For further discussion of the subject see Churchill & Alden Co. v. Ramsey, 45 S. D. 454, 188 N. W. 742; Hirning v. Timm et ux., 63 S. D. 286, 258 N. W. 130.

The judgment and order appealed from are affirmed.

All the Judges concur.